JOHN WILLARD

*v.*

THE TRUSTEES OF THE METHODIST EPISCOPAL CHURCH

OF ROCKVILLE CENTRE.

1. EXECUTION OF INSTRUMENT *sued on—evidence where execution is not put in issue.* Where suit was brought upon a subscription paper to which the defendant's name appeared, and the execution of the same was not put in issue by a sworn plea: *Held*, no error to refuse to allow the subscriber to testify that he did not sign the paper.

2. SUBSCRIPTION—*to corporation before its organization in fact.* Where a party made a subscription to a church before its organization in fact, it was held that it inured to the benefit of the corporation thereafter created.

3. CORPORATION—*proof of corporate existence.* Where the plaintiff, suing as an incorporated church, proved that the trustees made contracts as a corporate body, superintended the erection of a church building, and generally performed the duties pertaining to their position, and introduced in evidence the formal certificate afterwards signed by the trustees, which referred to the original organization: *Held*, that this organization and *user* under it proved the existence of the corporation *de facto*, which was sufficient to enable it to maintain the suit, notwithstanding a plea of *nul tiel corporation* was interposed.

APPEAL from the Circuit Court of Kankakee county; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. C. A. LAKE, for the appellant.

Mr. W. H. RICHARDSON, and Mr. H. L. RICHARDSON, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This suit was brought upon an instrument in writing, purporting to be a subscription paper, with the name of appellant thereon as a subscriber.

The execution of the instrument was not put in issue by sworn plea, and it was therefore not error to refuse to allow the subscriber to testify that he did not sign the paper.

The other point made for reversal is, that there was not an organization of the corporation in strict conformity to the statute, at the time the subscription was made, nor at the time the suit was commenced.

There was an organization in fact, and though the subscription was made prior thereto, it inured to the benefit of the corporation thereafter created. In this case there was a corporate body de facto. The trustees made contracts, superintended the erection of a church, and generally performed the duties pertaining to their position. The formal certificate afterwards signed by the trustees referred to the original organization, and, with other proof, established the fact.

This organization and user under it proved the existence of the corporation for the purposes of this suit, notwithstanding the plea of nul tiel corporation. Cross v. Pinckneyville Co. 17 Ill. 54; Griswold v. Trustees of Peoria University, 26 Ill. 41; Mitchell v. Deeds, 49 Ill. 417; Baker v. Admr. of Backus, 32 Ill. 79.

There is no merit in the defense, and the judgment is affirmed.

Judgment affirmed.