J. F. Daly, J.
[After stating the facts.]—The plaintiffs argue that by reason of the failure to file the duplicate of the certificate of incorporation in the office of the secretary of state, the parties subscribing the certificate became merely copartners inter sese. Upon the correctness of the proposition depends the right to the relief asked upon this motion. What consequences result from the failure to file the duplicate of the certificate of incorporation as required by the act has not been the subject of judicial examination in this State. The statute requires “that the certificate shall be filed in the office of the clerk of the county in *448 which the business of the company shall be carried on,” and “a duplicate thereof in the office of the secretary of state” (section 1). It is further provided that “when the certificate shall have been filed as aforesaid, the persons who shall have signed and acknowledged the same, and their successors shall be a body politic and corporate, &c.” (section 2). The section does not in terms make the filing of the “duplicate” essential to the incorporation, and the court will incline to an interpretation of the statute which will give validity to the acts and proceedings of the parties done and taken in good faith as a corporation. The general manufacturing corporations act of California contains provisions as to the mode of incorporation almost identical with our statute (Act of 1850, 365, “366). It was held by the supreme court of California that the natural and ordinary import of the language used in that statute does not justify the construction that proof of the filing of the “ duplicate” in the office of the secretary of state is necessary to establish the existence of the corporation ; that the intention of the statute clearly was, that so far as individuals are concerned, the corporation should acquire a valid legal existence upon the filing of the certificate in the office of the clerk of the county; that the rights conferred by the statute vest on filing the certificate, and can be divested only by a direct proceeding on the part of the State (Mokelumne Hill Mining Co. v. Woodbury, 14 Cal. 424).
The general manufacturing corporations act of Illinois also contains provisions as to the mode of incorporation similar to those of our statute (Act of 1849, 87, 88). The supreme court declared the provision requiring the “ duplicate” to be filed in the office of the secretary of state directory merely, and not mandatory, nor essential to the validity of the corporation, that it was apparent from the act to have been a secondary ■ *449 object and intended to multiply proof, place of publicity and the chances of preservation of the evidence of incorporation, and that the filing of the certificate in the office of the county clerk was sufficient to effect the incorporation (Cross v. Pinckneyville Mill Co., 17 Ill. 54). This view of the statute is in effect taken in many subsequent cases in that State (Tarbell v. Page, 24 Ill. 48 ; Stone v. Great Western Oil Co., 41 Id. 85 ; Thompson v. Candor, 60 Id. 248 ; Willard v. Trustees, &c., 66 Id. 55).
The reasoning of these cases upon the language of the statute there in question may be applied in all its force to our statute, is sound, and should be adopted in construing its provisions. Since the statute distinguishes between the “certificate” and the “duplicate,” providing that the certificate is to be filed in the office of the county clerk and the duplicate in the office of the secretary of state, and in the next section declares the subscribers incorporated when the certificate shall have been filed, we may assume the omission of any reference to the duplicate in the latter connection to be intentional, and this assumption is justified if indulged in for the purpose of supporting the validity of a corporation and of rights and franchises honestly intended to be created and acquired. If the object of the statute is to multiply proofs of incorporation as has been said in one case, the duplicate may be filed now in the office of the secretary of state.
It may be added that the ninth section of our general manufacturing act declares that the copy of the certificate, certified by the county clerk, or his deputy, shall be received in all courts and places as presumptive legal evidence of the facts therein stated. No other method of proving the corporate existence is provided for by that statute, and only on failure to produce such copy and proof of loss of the original, does, the production of a copy of the duplicate certified *450 by the secretary of state become competent or necessary (N. Y. Car Oil Co. v. Richmond, 6 Bosw. 213).
The production of a copy of the certificate filed with the county clerk, which copy is certified by him, being made evidence of the incorporation by the statute, is sufficient proof of corporate existence and sufficient answer to all allegations of non-incorporation except in a direct proceeding by the State to annul the franchise (Jones v. Dana, 24 Barb. 398).
The certificate having been duly filed in the office of the clerk, it is immaterial, in any action not brought by the State against the corporation to prohibit its exercise of corporate powers, to inquire whether the duplicate of such certificate has been filed in the office of the secretary of state.
The motion must be denied and injunction dissolved with ten dollars costs.