## ALBERT R. WILDEY v. EDGAR A. CRANE.

*Champerty and maintenance—Repeal of common-law doctrine.*

1. At common law an agreement between attorney and client by which the attorney is to collect by *suit* a particular claim, for which he is to receive a certain portion of the claim, is champertous and void.

2. The legislation in this State providing that lands in the adverse possession of another might be conveyed, and for the assignment of choses in action and the bringing of suits in the name of the assignee, *virtually* repealed the common law relating to champerty, and How. Stat. § 9004, repealing all laws restricting the *right* of a party to *agree* with an attorney for his *compensation*, and leaving the *measure* of such *compensation* to the *agreement* of the parties, seems to have been enacted in view of the decision in *Backus v. Byron*, 4 Mich. 535, so as to settle the question in accordance with the course of *existing* legislation, and in harmony therewith.[1]

Error to Van Buren. (Mills, J.) Argued November 12, 1886. Decided November 17, 1886.

Assumpsit. Plaintiff brings error. Reversed. The facts are stated in the opinion.

---

[1] See *Jordan v. Westerman*, 62 Mich. 170 (head-note 1).

*Heckert & Breck,* for appellant.

*E. A. Crane,* in *pro. per.,* for defendant.

CHAMPLIN, J. The defendant is an attorney at law practicing in Van Buren county. The plaintiff brought an action against defendant in assumpsit, and filed a declaration setting out his cause of action as follows:

" *Van Buren County—ss.:* Albert R. Wildey complains of Edgar A. Crane, the defendant, in a plea of trespass on the case upon promises; for that whereas, heretofore, to wit, on the eighteenth day of November, A. D. 1881, defendant, being an attorney at law at Paw Paw, in said county, covenanted and agreed with the plaintiff that he would bring a suit in the name of the plaintiff against the Farmers' Mutual Fire Insurance Company of Van Buren county, in the State of Michigan, for the recovery of the value of a certain horse lost by fire,—said horse, when so destroyed by fire, being the property of the plaintiff herein; that the plaintiff's claim being a doubtful one, and the said insurance company not being liable to said plaintiff for his said losses, as said plaintiff had been advised, and said plaintiff having abandoned the idea of attempting to recover anything from said insurance company for or on account of said loss, the said defendant approached the said plaintiff, and solicited the privilege of bringing suit against said insurance company for the recovery of said loss, and expressly agreed with the said plaintiff that if he, the said defendant, did not recover said loss from said insurance company it should not cost said plaintiff anything; that said defendant would pay all costs adjudged against said plaintiff on account of the bringing of said action; that the said plaintiff, on the express understanding that the said defendant should pay all costs incurred on bringing said action in case he failed to recover anything against said insurance company, consented that said action might be brought, whereupon the said defendant commenced said action against said insurance company in the circuit court for the county of Van Buren; that the same was tried in said court, and also reviewed in the Supreme Court of this State, and it was adjudged by said Supreme Court that the plaintiff could not recover in said action against said insurance company, and adjudged the plaintiff herein should pay the costs of both courts; that said defend-

63 MICH.—46.

ant, on request of said plaintiff, refused to pay said costs, amounting to one hundred and fifty dollars, and the plaintiff herein was compelled to pay the same for the use and benefit of said defendant, yet the said defendant hath neglected and refused to pay the said plaintiff the amount of said costs, as aforesaid, to the plaintiff's damage two hundred dollars, and therefore he brings suit," etc.

To which were added the common counts in assumpsit.

The defendant interposed the plea of the general issue, with notice of set-off.

At the trial in the court below the defendant objected to any testimony being introduced by the plaintiff, for the reason that the contract set up in the plaintiff's declaration was champertous and void.

The plaintiff had been sworn as a witness in the cause, and counsel for plaintiff stated to the court what he offered to prove, as follows:

" Now, I offer to prove that on or about the eighteenth day of November, 1881, the defendant in this cause was an attorney at law, practicing in the village of Paw Paw, in this county, and that he covenanted and agreed with the plaintiff, Albert R. Wildey, that he would bring a suit in the name of the plaintiff against the Farmers' Mutual Fire Insurance Company of Van Buren county, in the State of Michigan, for the recovery of the value of a certain horse lost by fire, and insured by said company,—said horse, when so destroyed by fire, being the property of the plaintiff herein; that the plaintiff's claim being a doubtful one, and the said insurance company not being liable to said plaintiff for said loss, as said plaintiff had been advised, and the said plaintiff having abandoned the idea of attempting to recover anything from said insurance company for or on account of said loss, the said defendant approached the said plaintiff, and solicited the privilege of bringing suit against the said insurance company for the recovery of the said horse, and expressly agreed with the said plaintiff that if he, the said defendant, did not recover said loss from the insurance company, it would not cost said plaintiff anything; that said defendant would pay all costs adjudged against said plaintiff on account of the bringing of said action, and, if said plaintiff did recover, then said defendant was to have one-half of the amount so

recovered for his services; that said plaintiff, on the express understanding that defendant should pay all costs incurred on account of bringing said action in case he failed to recover anything against said insurance company, consented that the action might be brought, whereupon the said defendant commenced the said action against said insurance company in the circuit court for the county of Van Buren; that the same was tried in said court, and recovery had, but the judgment so recovered was reversed by the Supreme Court of this State, and it was adjudged that the plaintiff herein could not recover, and that he should pay the costs of both courts; that said defendant, Crane, on request of said plaintiff, refused to pay the costs, amounting to $130.68, and the plaintiff was compelled to pay the same for the use and benefit of the defendant, and that the plaintiff did pay the amount of said costs."

Plaintiff also proposed to show that the amount of costs were taxed at the amount of $130.68, and that Mr. Crane admitted that he agreed to take the case on the terms stated, and that if he got beaten he was liable to pay the costs, and expected to have to pay them.

Whereupon the circuit court decided that the contract, as alleged in the declaration, was champertous, and in violation of the laws of this State, and void, and no recovery could be had upon it, and rejected the testimony so offered, and directed the jury to find a verdict for the defendant.

No doubt the agreement set up in the declaration would at the common law have been void for champerty. By that law an agreement between attorney and client by which the attorney is to collect by suit a particular claim, for which he is to receive a certain portion of the claim, is champertous and void. *Lathrop v. Amherst Bank,* 9 Metc. 489; *Byrd v. Odem,* 9 Ala. 755; *Dumas v. Smith,* 17 Id. 305; *Poe v. Davis,* 29 Id. 676; *Key v. Vattier,* 1 Ohio, 132; *Orr v. Tanner,* 12 R. I. 94; *Martin v. Clarke,* 8 Id. 389, 402; *Harman v. Brewster,* 7 Bush, 355; *Davis v. Sharron,* 15 B. Mon. 64.

Section 9004, How. Stat., enacts—

"That all existing laws, rules, and provisions of law restricting or controlling the right of a party to agree with an attorney, solicitor, or counsel for his compensation are repealed, and hereafter the measure of such compensation shall be left to the agreement, express or implied, of the parties."

If the common-law doctrine of champerty was in force in this State previous to the passage of this act, it was repealed by its passage, and no longer exists in this State. When the Legislature enacted that lands in the adverse possession of another might be conveyed, and also that choses in action might be assigned, and actions maintained in the name of the assignee, such legislation virtually repealed the common law relating to champerty; and the statute above cited seems to have been passed in view of the decision of this Court in *Backus v. Byron*, 4 Mich. 535, and the doubts existing upon the subject, so as to settle the question in accordance with the course of legislation already enacted, and in harmony therewith.

The subject of champerty is very fully discussed in *Lytle v. State*, 17 Ark. 663, and the reasons given and the conclusion reached in that case are applicable to the course of legislation in this State prior to the enactment of the repealing statute above quoted.

The court erred in holding that the alleged contract was champertous and void, and the judgment must be reversed, and a new trial granted.

The other Justices concurred.