### CHARLES O. SMEDLEY v. JOHN DREGGE.

*Attorneys—Assignment of mechanics' liens for collection—Champerty.*

How. Stat. § 7185, which provides that "no attorney, solicitor, or counselor shall, directly or indirectly, buy, or be in any manner interested in buying, any bond, promissory note, bill of

exchange, book debt, or other thing in action, with the intent and for the purpose of bringing any suit thereon," does not apply to an assignment to an attorney of mechanics' liens for the purpose of collection, and to avoid expense and a multiplicity of suits.[1]

Appeal from Kent. (Adsit, J.) Submitted on briefs June 6, 1894. Decided June 16, 1894.

Bill to foreclose mechanics' liens. Complainant appeals from decree sustaining demurrer. Decree reversed, and cause remanded for further proceedings. The facts are stated in the opinion.

*C. O. Smedley* (*Benn M. Corwin*, of counsel), for complainant.

*Wesselius, Corbitt & Ewing*, for defendant.

GRANT, J. The bill of complaint in this cause was filed to foreclose several mechanics' liens which were assigned to the complainant for the purpose of having him collect the same, and to save expenses and a multiplicity of suits. The defendant interposed a general demurrer, which was sustained by the court, upon the ground that the complainant, being a solicitor, could not maintain the suit.

How. Stat. § 7185, reads as follows:

"No attorney, solicitor, or counselor shall, directly or indirectly, buy, or be in any manner interested in buying, any bond, promissory note, bill of exchange, book debt, or other thing in action, with the intent and for the purpose of bringing any suit thereon."

1. This Court held in *Herbstreit v. Beckwith*, 35 Mich. 95, that there is no authority against transfers to agents

---

[1] See *Town v. Tabor*, 34 Mich. 262, 267, holding that there is no law in this State to prevent an attorney from buying a chattel of one person, and then suing another in replevin to get possession of it.

and attorneys for convenience of suit.    There was no buy-
ing in this case, under the allegation of the bill, but a
legitimate assignment, to avoid expense and a multiplicity
of suits.    Clearly, therefore, the statute has no application
here.

2. If the demurrer was sustained on the ground that the
assignment was champertous, this was erroneous, under
How. Stat. § 9004.    *Wildey v. Crane*, 63 Mich. 720.

Decree reversed, with costs of both courts, and the
cause remanded for further proceedings.

The other Justices concurred.