JOHN W. STOFFLET ET AL., TRUSTEES OF THE SALEM CHURCH OF THE EVANGELICAL CHURCH OF NORTH AMERICA, AT VICKSBURG, MICHIGAN, v. EMANUEL C. STROME.

*Corporations—Religious society—Denial of incorporation—Estoppel —Pleading—Name of plaintiff—Amendment.*

1. The maker of a promissory note, given to a religious society in its corporate name to assist in the payment of its debts, cannot escape liability by showing that the certificate of incorporation of the society was not recorded until after the making of the note.

2. The summons in a suit upon a promissory note payable to the order of the "Evangelical Church of Vicksburg, Michigan," described the plaintiffs as "Trustees of the Salem Church of the Evangelical Church of North America, a Corporation, at Vicksburg, Michigan." The name specified in the certificate of incorporation was the "Salem Church of the Evangelical

Association of North America, in Kalamazoo County, State of Michigan," being the county in which Vicksburg is situated. The plaintiffs declared orally on a certain promissory note made and executed by the defendant to the "Evangelical Church of Vicksburg, Michigan," and averred that said note was intended for the "Salem Church of the Evangelical Association of North America, of Vicksburg, Michigan," to which declaration the defendant pleaded the general issue. And it is held that the objection of the defendant, made on the trial of an appeal from the justice's judgment, that the suit was not brought in the name of the corporation as expressed in the certificate of incorporation, not having been taken before the justice, was waived.

3. Where in a suit in justice's court, intended to be brought in the corporate name of a religious society, the trustees' names are stated in the summons, followed by the clause, "Trustees of the" corporation, but omitting the word "as," and the defendant pleads the general issue, and denies under oath that the plaintiff is a corporation, and, on the trial of an appeal from the justice's judgment, for the first time raises the objection that the suit was commenced by the plaintiffs in their individual capacity, and not as the church or corporation, the appellate court will consider an amendment made in the furtherance of justice, it appearing that the defendant has not been misled or prejudiced; citing *Merrill v. Village of Kalamazoo*, 35 Mich. 211; *Warder, Bushnell & Glessner Co. v. Gibbs*, 92 Id. 29.

Error to Kalamazoo. (Buck, J.) Submitted on briefs June 5, 1894. Decided June 16, 1894.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Frank E. Knappen* and *Howard & Roos*, for appellant.

*Jesse R. Cropsey* (*Dallas Boudeman*, of counsel), for plaintiff.

GRANT, J. This suit is based upon a promissory note for $25, dated March 20, 1890, which the defendant promised to pay to the order of the Evangelical Church of Vicksburg, Michigan. Plaintiff recovered judgment, and

defendant appeals. Plaintiff's articles of association were dated May 14, 1887, acknowledged in February, 1889, and recorded with the county clerk December 23, 1892.

1. The first contention is that the plaintiff corporation was not in existence at the time the note was given, and therefore no recovery can be had. The corporation was organized under chapter 170, How. Stat. Section 4621 provides for the election of trustees, and the making of the certificate of such election. Section 4622 provides for the acknowledgment of such certificate, and the recording of the same with the county clerk, and that, after the recording thereof, "such trustees and their successors shall be a body corporate, by the name expressed in such certificate." Counsel recognize the rule that parties dealing with business corporations are estopped to deny their legal incorporation, but deny that the defendant knew in this case that the plaintiff claimed to be a corporation. This position cannot be sustained. The payee named was the corporation. The note was given to assist in the payment of its debts. Defendant treated with it as a corporation, and cannot defeat his liability by the failure to record the certificate. *Willard v. Trustees*, 66 Ill. 55.

2. The next contention is that the suit was not brought in the name of the corporation. The name specified in the certificate is the "Salem Church of the Evangelical Association of North America, in Kalamazoo County, State of Michigan." In the summons the names of the trustees were stated, after which appeared the following clause: "Trustees of the Salem Church of the Evangelical Church of North America, a Corporation, at Vicksburg, Michigan." The precise claim is that the suit should have been instituted by the name expressed in the certificate. The declaration sets forth the note, and describes the plaintiff by the name therein given. To this the general issue was

pleaded.    No objection was taken before the justice, and it was therefore waived.

3. It is contended that the suit was commenced by the plaintiffs in their individual capacity, and not as the church or corporation.    It is too plain to ˙ require argument that it was intended to bring suit in the name of and for the benefit of the corporation.    The defendant and his counsel so understood it on the trial before the justice, for he interposed the plea of the general issue, and notice "that the plaintiff was not a corporation at the time of the making of said note,' and filed an affidavit to that effect.    The case was tried before the justice with the jury, and this point does not appear to have been raised.    If, however, the point is technically correct, it does not affect the merits of the case.    The defendant has not been misled or prejudiced. In such case this Court will consider an amendment made in the furtherance of justice.    *Merrill v. Village of Kalamazoo,* 35 Mich. 211; *Warder, Bushnell & Glessner Co. v. Gibbs,* 92 Id. 29. .

Judgment affirmed.

The other Justices concurred.