### FLETCHER et al. v. McARTHUR et al.

(Circuit Court of Appeals, Sixth Circuit. May 13, 1895.)

No. 235.

PROBATE COURT—JURISDICTION—COLLATERAL ATTACK.

Where a probate court in Louisiana has assumed to grant administration upon the estate of one who, at the time of his death, was in fact a resident of Mississippi, and whose estate has been judicially administered there, such action of the court is wholly unauthorized by law, and its decree can be impeached collaterally.

Appeal from the Circuit Court of the United States for the Eastern District of Michigan.

This was a suit by Jane Virginia Fletcher and others against William McArthur and others to impress a trust upon the legal title to certain lands and for an accounting. The circuit court sustained a demurrer to the bill. Complainants appeal. Reversed.

Robert B. Lines and Dwight C. Rexford, for appellants.

H. M. Duffield and J. T. Keena, for appellees.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

SEVERENS, District Judge. This is the last of the cases Garrett v. Boeing (No. 197) 68 Fed. 51; Hodge v. Palms (No. 232) Id. 61; McCants v. Peninsular Land Co. (No. 233) Id. 66; Morancy v. Palms (No. 234) Id. 64; and Fletcher v. McArthur (No. 235), to be disposed of. It is like the others in all essential particulars save

one.    Both parties derive their respective rights from a land claim once owned by John Fletcher, Sr. The complainants found their right upon a devise thereof by Fletcher.    The defendants claim under a probate sale of the same land claim made by the order of the parish court of La Fayette parish, La.    The difference between this and the other above-mentioned cases is this:    According to the statements of the bill, John Fletcher, Sr., was not resident in Louisiana at the date of his death, but was domiciled in Adams county, Miss.    He died in 1862, and left a will, whereby he devised all his property to his two children, Jane Virginia Fletcher, one of the complainants, and John Fletcher, Jr., from the latter of whom the other complainants take by descent.    This will was duly probated in the probate court for Adams county in the same year.    It seems clear that the administration of Fletcher's succession in the La Fayette parish court, in 1870, was wholly unauthorized by law, and could have no effect upon the title asserted by the complainants for two reasons:    First, because the decedent was domiciled in Mississippi at the time of his death, and the situs of his claim was there; and, second, because his estate, including this claim, had already been judicially administered in the state of his domicile by a court of competent jurisdiction. This is in accord with the principles recognized by this court as sound in the case of Garrett v. Boeing (No. 197), where the subject was discussed.    It is unnecessary to repeat what was there said.    Upon the other questions, which were also involved in Hodge v. Palms (No. 232) and Morancy v. Palms (No. 234), relating to the standing of the complainants upon the footing of a constructive trust and to affirmative defenses as well as the scope of the relief to which the complainants may be entitled, if they maintain their suit, we do not, for the reasons expressed in those cases, now express an opinion. The decree of the circuit court sustaining the demurrer and dismissing the bill will be reversed, with directions to permit the defendants to answer the bill.