FLETCHER et al. v. McARTHUR et al.

(Circuit Court of Appeals, Sixth Circuit.  July 8, 1902.)

No. 1,010.

1. EQUITY—LACHES.

By Act June 2, 1858, congress authorized the issuance of certificates to holders of deferred land claims confirmed under the treaty of cession of Louisiana, which should be receivable at any land office of the United States in payment for lands. A holder of such a claim, who had never applied for or obtained a certificate thereon, died in 1862, domiciled in Mississippi, and his will was there probated, by which he devised all his property to his children, one of the complainants and the father of the other complainants. Subsequently, without the knowledge of the devisees, proceedings were instituted in Louisiana for the settlement of decedent's succession, in which his land claim was sold, and the purchaser, through whom defendants claim, obtained a certificate thereon, which was located on the lands in controversy. *Held*, that complainants were not chargeable with notice of the proceedings in Louisiana, nor barred by laches from asserting their rights against defendants, where suit for that purpose was instituted within two years after they first learned of the existence of any adverse claim.

2. SAME—IMPLIED TRUST—MEASURE OF TRUSTEE'S LIABILITY.

In such case, however, defendants were not chargeable with an express trust in favor of complainants, but with a trust implied by equity, and complainants were entitled to recover only the value of the scrip, with interest from the time of its location, and not the land into which the same had been converted.

3. ATTORNEY AND CLIENT—CONTRACTS FOR COMPENSATION—VALIDITY.

Under the law of Michigan, an agreement that attorneys shall receive a share of the recovery in payment for their services is lawful.

4. TRUSTS—SUIT TO ENFORCE—DEFENSES.

In a suit to recover lands alleged to be held in trust for complainants, defendants cannot plead as a defense a deed executed by complainants to a third person, describing other lands, upon an allegation that it was intended to convey the lands in suit.

Appeal from the Circuit Court of the United States for the Eastern District of Michigan.

Levi L. Barbour and Dwight C. Rexford, for appellants.

James T. Keena and Clarence A. Lightner (Henry M. Duffield, of counsel), for appellees.

Before SEVERENS, Circuit Judge, and WANTY and COCHRAN, District Judges.

SEVERENS, Circuit Judge. This case was before this court on a former occasion upon an appeal from a decree sustaining a demurrer

¶ 3. See Attorney and Client, vol. 5, Cent. Dig. § 351; Champerty and Maintenance, vol. 9, Cent. Dig. §§ 24, 25, 26.

and dismissing the bill. 37 U. S. App. 69, 15 C. C. A. 224, 68 Fed. 65. Those reports may be referred to for facts not repeated in our present decision. For reasons stated in the opinion then filed, we reversed the decree of the court below, and remanded the case to that court, with direction to permit the defendants to answer, if they should elect to do so. The defendant Wellington R. Burt did not answer, and the bill was taken as confessed as to him. The other defendants answered, admitting those allegations of fact upon which their own claim of title rests, but denying knowledge in respect to the domicile of John Fletcher (under whom both parties claim) being in Mississippi at the time of his death, the making of his will, the probate thereof, and the settlement of his estate in the probate court for Adams county, Miss., as alleged in the bill. Their answer avers that at the time of their purchase of the Louisiana land scrip certificates referred to in the bill they had no notice of any defect in the claim of title thereto, or that complainants had any rights or interest in said certificates. It is further alleged that John Fletcher, and the complainants claiming under him, knew, or had good reason to know, or ought to have known, ever since 1837, of the existence of the claim upon which said certificates rest, and, having failed to assert such claim until the filing of this bill, they have been guilty of laches which should preclude the relief they seek. Another allegation is that the suit is being prosecuted under a champertous agreement between the complainants and their counsel. The complainants filed a replication.

Proof of the Mississippi domicile of John Fletcher, his death at Natchez, Adams county, in 1862, and that the complainants are his devisees, or heirs of devisees, was made by the testimony of Jane Virginia Fletcher, one of said devisees, who also testified that, although she had previously known that John Fletcher, her father, had land claims, she had no notice that any one claimed adversely until the spring of 1889, when she was informed by Senator Foster, of Louisiana, of the fact, whereupon she immediately put the matter in the hands of her lawyers. The other devisee of John Fletcher was John Fletcher, Jr., who died a few years after the father, leaving the other complainants, who were then young children, his heirs. Proof was also made of the will of John Fletcher and its probate in Mississippi. By the will all the testator's property was devised to John Fletcher, Jr., and Jane Virginia Fletcher. This bill was filed September 3, 1891. The defendants proved that the complainants gave a power of attorney to their counsel to prosecute their interests in the claim of John Fletcher, Sr.; the expenses to be borne by the complainants and the recovery to be shared equally between the clients and their counsel. They also proved two deeds from complainants to Robert B. Lines of one undivided half of lands located under said claim in the states of Kansas and Minnesota, and under objection gave evidence tending to show that by "Minnesota" was intended "Michigan." Upon those pleadings and proofs the circuit court dismissed the bill. The learned judge who presided did not file an opinion, and the decree does not disclose the grounds upon which it was founded. The only

questions not passed upon when the case was here before are the following:

1. It is said that the complainants and their devisor have been guilty of such laches as should require a court of equity to deny relief at this late day, and the laches is charged to have existed all along from 1858, when John Fletcher, it is said, was charged with notice of the act of congress confirming his claim. But the duty of diligence is not imposed upon one who has no notice that another is denying his right. It is wholly inadmissible to impute laches in not watching for unsuspected fraud and marauding in a foreign state or country having no dominion of the subject-matter. In a similar case, Hodge v. Palms, 37 U. S. App. 61, 15 C. C. A. 220, 68 Fed. 61, decided at the same time with this when it was here before, we said, in reference to a like contention to that now made:

"The complainants were the owners of this claim. They, and those from whom they derived title, were the owners of this claim by purchase from the original owner. There was no reason why they should watch the proceedings in the parish courts of Louisiana to see what might be done with respect to the succession of Antonio Vaca; and nothing that was done by the defendants, and those through whom they claim title, so far as we can find, was anything of which the complainants were required to take notice, and of which they would be likely to have any notice in fact. So far as they knew, no entry upon their rights was impending or threatened, and we are unable to see that the defendants have any right to say that the complainants should have moved earlier to prevent that which the complainants had not the least reason to suspect."

It is not shown that any notice of the mischief which was going forward was known to the rightful owners, and certainly the latter owed no duty to those who were engaged in it. It appears that notice of it was acquired by one of the devisees in the spring of 1889. The matter was at once placed in the hands of attorneys, and suit was begun September 3, 1891. It is not shown that the position of the defendants was changed in the meantime. In our opinion, there is no sufficient ground for this defense of laches. The lapse of time was less than a year and a half, and the means of proof widely scattered.

2. But it is further said that, assuming the facts and law to be as we hold, the measure of the relief to be awarded is not the land itself, into which the scrip has been converted by the skill and industry of the defendants, but the value of that which they converted; and we think this contention is well founded. If this were a case where the defendants were chargeable with an express trust in respect to these certificates, the donor of the trust might be able to follow them into whatsoever form they might be converted by his trustee. The doctrine under which this would result rests upon the relation of agency toward the owner, and the rule is that all that the agent profits by his act belongs to the owner. But in the present case the defendants did not hold such relation to the complainants, and the ground for pursuing the property converted fails. The defendants held the certificates upon a trust implied by equity, and the complainants are not entitled to the benefit of the services and judgment of the defendants in selecting the lands upon which the certificates should be located.

By the law of Michigan the agreement that counsel should receive

half of the recovery was permissible. Comp. Laws Mich. § 11,254; Wildey v. Crane, 63 Mich. 724, 30 N. W. 327. The deeds of lands described as being in Kansas and Minnesota do not affect the present suit. If by those described as being in Minnesota were meant these lands in Michigan, it might give ground for a suit to reform the deed; but, as these defendants were not concerned with that matter, it could only properly be done by an independent bill. In such circumstances, the grantee in that deed would not be a proper, certainly not a necessary, party to this suit.

We think the equity of the case is that the defendants should be held for the value of the scrip which they obtained, and which was the property of the complainants. This was substantially $1.25 per acre for the number of the acres specified therein. The defendants should also be charged with interest on that sum from the date when they used it in locating the land. The record contains the materials upon which the result can be computed.

The decree of the circuit court will be reversed, and the cause remanded, with directions to enter a decree in conformity· with this opinion. The complainants will recover costs in the court below and in this court.