## HODGE et al. v. PALMS et al.

### (Circuit Court of Appeals, Sixth Circuit. July 8, 1902.)

### No. 1,011.

1. EVIDENCE—PROOF OF INSTRUMENTS—COPY OF RECORD.
   A duly authenticated copy of the record of an act of sale from the records of a parish in Louisiana, where such acts are authorized to be recorded by the laws of the state, is admissible to prove title under such sale, where it is made to appear that the original act has been lost.

2. SAME—AUTHENTICATED ACT OF SALE.
   By Civ. Code La. art. 2268, an authentic copy of an act of sale, made by the notary before whom such act was executed, is made evidence to prove such sale, equally with the original act; and where such copy is more than 60 years old, and is further authenticated by the certificate of registration by the parish recorder of nearly contemporaneous date, it is admissible in evidence under the common law as an ancient deed.

3. SAME—ANCIENT DEEDS.
   Proof of possession of the subject of the grant is not indispensable to render an instrument admissible as an ancient deed, where there is nothing to excite suspicion as to its genuineness, and contemporaneous official acts confirm the presumption of its authenticity.

4. PUBLIC LANDS—LOUISIANA LAND CLAIMS—RIGHTS OF OWNER ON FAILURE OF LOCATION.
   Act June 2, 1858, authorizing the issuance of certificates or scrip to holders of deferred land claims confirmed under the treaty of cession of Louisiana, which should be receivable in payment for land by the land department of the United States inured to the benefit of a grantee of land previously located under such a claim, where such location failed or became ineffectual by reason of some prior grant or location.

5. EQUITY—LACHES.
   Where the rightful owners of a Louisiana land claim, on learning of an adverse claim thereto by others who had obtained certificates thereon,

---

¶ 3. See Evidence, vol. 20, Cent. Dig. §§ 1616, 1617.

*at once notified such claimants of their intention to assert their rights, they were not chargeable with laches for a delay in bringing suit during the time that both parties were endeavoring to obtain an adjustment of their conflicting claims by the land department.*

Appeal from the Circuit Court of the United States for the Eastern District of Michigan.

Levi L. Barbour and Dwight C. Rexford (Geo. Lines, of counsel), for appellants.

James T. Keena and Clarence Lightner (Henry M. Drummond, of counsel), for appellee.

Before SEVERENS, Circuit Judge, and WANTY and COCHRAN, District Judges.

SEVERENS, Circuit Judge. This case, in respect to some of the principal questions involved, is like that of Fletcher v. McArthur (No. 1,010, just decided) 117 Fed. 393, and the two cases were argued together. This case, also, was here on a previous occasion on appeal from a decree sustaining a demurrer to the bill. The decree was reversed, and the cause remanded, with a direction to permit the defendants to answer if they should so elect. 37 U. S. App. 61, 15 C. C. A. 220, 68 Fed. 61. Reference is made to those reports for facts not herein recited. The defendants answered, setting up several defenses. Those relied upon here will be presently stated. Proofs were taken, the cause was again brought on for hearing, and the bill was dismissed. The grounds of the dismissal are not disclosed by the record. The questions involved, which were not disposed of on the former hearing and have now been argued, are three in number, and these we are now to determine.

1. It is contended that the complainants have not shown title to the land certificates in question, which they claim to have derived from Antonio Vaca. The devolution of that title which they have shown, and upon which they rely, is as follows: First, an act of sale from Vaca to one Adams; second, an act of sale from Adams to Mellen and Farnam; third, an act of sale from Mellen and Farnam to Allen; fourth, an act of sale from Allen to Andrew Hodge, Jr.; and, fifth, the acquisition of his title by complainants, in part by devise and in part by purchase from other devisees.

First. To prove the conveyance from Vaca to Adams, the complainants gave in evidence a copy of an act of sale by Vaca to Adams from the records of the parish of East Carroll, La., duly certified under the act of congress in that behalf. In connection therewith evidence was given tending to show that the original record of the notary, before whom the act of sale was made, was not to be found in the office of the custodian of notarial records, or at any place where it might have been, and had probably been lost. Civ. Code La. art. 2252, provides that:

"The acts of notaries, when deposited in the office of the parish recorder, shall form part of the archives of his office and shall be immediately recorded by him."

And by article 2267 it is further provided that:

"It shall be the duty of the recorder, or other officer having charge thereof, to grant copies of the original acts deposited with them, under their signatures and seals of office. When the original acts are authentic, such copies shall be considered legal evidence of their contents."

By the civil law, in force in Louisiana, the common mode of making such conveyances was by "an act of sale," so called, done before a notary, who wrote down in a record kept by him the agreement of the parties as stated by them, which was then signed by the parties and attested by witnesses. The record remained with him, but upon request he gave out authenticated copies thereof to the parties, which by article 2268 of the Code "make proof of what is contained in the originals." Upon request, also, the notary delivers the record of the act of sale to the parish recorder to be recorded in his office. It appears that the notary's record of the act of sale in question was lost, but a proper record of it was in the recorder's office; and the copy thereof, duly certified by him and further authenticated as required by the act of congress, was admissible.

Second. To prove the conveyance from Adams to Mellen and Farnam, the complainants put in evidence the notarial or authentic copy of an act of sale from the former to the latter, and the certificate of registration by the parish recorder. By the law of Louisiana, as already stated, this authentic copy of the notary makes proof of what is contained in the original. It is not a mere copy, but it is a "duplicate original," and is per se evidence of the grant. Mitchel v. U. S., 9 Pet. 711, 9 L. Ed. 283, 732; McPhaul v. Lapsley, 20 Wall. 264, 22 L. Ed. 344.

Third. The same proof was made of the conveyance from Mellen and Farnam to Allen, and—

Fourth. Of the conveyance from Allen to Andrew Hodge, Jr.

These conveyances were made more than 60 years before they were given in evidence, and were accompanied by other official certificates of registration of nearly contemporaneous date, further tending to prove their genuineness and authenticity. They were severally objected to by counsel for defendants "as incompetent, irrelevant, and not sufficiently proven, and not admissible in evidence as a copy." There is no statute in Michigan governing their admissibility. We think the objection was not well taken. Those which were not proven under the act of congress (Rev. St. § 906) were admissible at the common law as ancient deeds. True, there was no proof of possession of the subject of the grant, but there is evidence of contemporaneous official acts which satisfies us that the instruments are genuine; and proof of possession, which some of the authorities indicate should be required as a condition to the admission of ancient records and documents without further proof, is required solely to fortify and give credit to the instruments when offered in evidence. Upon the question whether confirmatory proof of acts of possession should be required at all, where there is nothing to excite suspicion of the genuineness of the instrument, the cases are somewhat conflicting. Greenleaf in his work on Evidence (volume 1, §§ 21, 144), states that the weight of opinion is that proof of acts of possession is not necessary.

Further evidence was offered tending to prove the acquisition of the

title of Andrew Hodge, Jr., by the complainants, upon which no question arises. The deed from Allen to Andrew Hodge, Jr., purported to be executed under a power of attorney. The authority of the attorney is supported by the same presumption as that which supports the deed. The several conveyances above referred to were of land which purported to have been located. The plain inference is that the location turned out to be ineffectual by reason of some prior grant or location. The government has recognized the fact that the location was null, and that the claim remained unsatisfied, and, indeed, the defendants' position rests upon that fact. Vaca's deed recites that the land was located under his claim, and we think, the location failing, his grantee acquired his equity to the relocation thereof, and that the act of congress of 1858 inured to the benefit of such grantee.

2. It is charged that the complainants have been guilty of laches. There is proof that notice of the adverse proceedings of defendants was brought to the complainants in 1881. They notified the defendants of their claim at that time, and the defendants, who had acquired the certificates and located them, were informed by the complainants that they should press their claim. For several years the parties cooperated in an endeavor to obtain some ruling of the land department which should effect an arrangement whereby the conflicting claims of the parties might be adjusted. The complainants opposed the issue of the patents to the defendants without such adjustment. The controversy was pending in the land department for several years, but the patents were at length issued to the defendants during the years 1888 to 1891, whereupon the complainants again gave notice that they should stand upon their claim, and five months after the date of the last patent they filed their bill. The defendants had prompt notice that the complainants asserted their right to these certificates in 1881, when the discovery of the fraud in their procuration was made by complainants. For the reason stated in Fletcher v. McArthur, above referred to, there was no laches previous to that time attributable to the complainants or those under whom they derive title. Nor can the lapse of time occurring through the effort to adjust the controversy by the proceedings in the land office be any just ground for the imputation of laches. The defendants had no reason to suppose that the complainants intended to waive their claim in case that method of adjustment should fail. The suit was commenced within a short time after those proceedings failed and patents were issued to the defendants.

3. With respect to the kind and manner of relief to which the complainants are entitled, we think the case stands in substantially the same predicament as that of Fletcher v. McArthur, and that for the reason stated in the opinion in that case the decree for the complainants should be for the value of the certificates acquired by the defendants at the date of their location by them; that is to say, $1.25 per acre of the land called for by the certificates, with interest from the date of such location.

The decree will be reversed, and the cause remanded, with a direction to enter a decree in conformity with this opinion. The complainants will recover the costs in the court below and in this court.