## LEHMAN *v.* DETROIT, GRAND HAVEN & MILWAUKEE RAILWAY CO.

1. ATTORNEY GENERAL—FEE—CONTINGENT COMPENSATION.

Where plaintiffs made with an injured party an oral agreement to take his case as attorneys and prosecute the claim for one-third of the proceeds if the client should pay expenses, and, if not, the attorney should have 50 per cent. of the amount to be secured, and where plaintiffs proceeded with the suit and the client paid none of the costs and defendant settled with the client direct after having notice of the contingent contract, there was evidence to sustain a verdict for plaintiffs for half the amount obtained by the compromise.

2. CHAMPERTY AND MAINTENANCE—CONTRACTS—VALIDITY.

Although it was champertous at common law to agree to divide the subject matter of litigation between client and attorney, and for the latter to advance the expense of suit, the former rule has been abolished in Michigan by statute. 3 Comp. Laws, §§ 10054, 11254 (5 How. Stat. [2d Ed.] §§ 12704, 14432).

3. ATTORNEY AND CLIENT—NOTICE—COMPROMISE.

Evidence that plaintiffs, in a suit to recover their share of proceeds secured by a client in compromising a personal injury claim, had notified the defendant railroad and all its attorneys that they had the case on a contingent basis, presented a question of fact for the jury on the issue of notice.

4. SAME.

*Held*, also, that a verdict for plaintiffs was not contrary to the weight of the evidence.

Error to Wayne; Hosmer, J. Submitted November 13, 1912. (Docket No. 4.) Decided June 1, 1914.

Case by Michael J. Lehman and others against Elmer Wood, the Detroit, Grand Haven & Milwaukee Railway Company, Harrison Geer, and others. Judgment for plaintiffs. Defendants bring error. Affirmed.

*W. V. Butler,* for appellants.

*Frank C. Moriarty,* for appellees.

BIRD, J. It is the claim of the plaintiffs, who were practicing attorneys in the city of Detroit in August, 1909, that they were employed by one Elmer Wood to prosecute a personal injury case for him against the defendant railroad company for injuries which he received from a gunshot wound at the hands of one of the company's detectives. After Wood received the injury, he was removed to a hospital, where plaintiff Lehman visited him at his request. Mr. Lehman made him a proposition that he would take the case if the necessary expenses were paid for one-third of what he recovered by suit or compromise, and, if he (Wood) did not pay the expenses, he would retain 50 per cent. of what was recovered. If nothing was recovered, no charge would be made. It is claimed defendant Wood accepted this proposition and requested plaintiffs to commence suit at once, as he was then uncertain as to whether he would survive his injuries. In pursuance of this understanding, plaintiffs commenced the suit, paid the filing fee to the clerk and the sheriff's fee for making service of the process, attended the trial of the criminal case against the detective, made investigations, took the deposition of plaintiff Wood, and looked up witnesses. After rendering these services, the case was compromised for $1,200 by the attorneys for the railroad company directly with Wood, through the intervention of Mr. Murphy, the employer of Wood. It was claimed by plaintiffs that they notified Mr. Murphy and all of the attorneys representing the railroad company before the settlement was made that they had the case upon a contingent basis. Failing to receive their fees in accordance with their contract, they brought this suit to enforce them against Wood, the railroad company, its attorneys, and Mr. Murphy.

The questions raised by defendants' assignments of error are:

(1) Was there a completed contract between the parties?

(2) If there were one, was it a void contract?

(3) Should a verdict have been directed in behalf of defendants Geer, Williams, and Murphy?

(4) Was the verdict against the weight of the evidence?

1. The testimony disclosed that Mr. Lehman stated to Mr. Wood the terms upon which he would take the case, namely: One-third of the amount recovered if Wood paid the expenses, and 50 per cent. if he did not. There is testimony to the effect that Wood assented to this proposition and requested Mr. Lehman to proceed with the suit at once, and that afterwards Wood neither paid nor offered to pay any of the expenses. This testimony was sufficient to justify the jury in finding that Wood accepted the 50 per cent. proposition.

2. It is urged that, if the contract were a completed one, it is invalid by reason of the agreement of plaintiffs to pay the necessary expenses of the litigation. It is conceded that since the passage of section 11254, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 14432), it has been lawful for an attorney to contract with his client on a contingent basis with respect to his fees, but that he may not agree to pay the expenses of the litigation because it is in violation of section 1136, 1 Comp. Laws (5 How. Stat. [2d Ed.] § 12554). That section provides that:

"No attorney, solicitor or counselor, by himself, or by or in the name of any other person, shall lend or advance, * * * or procure to be lent or advanced, any money, or any bond, bill of exchange, draft or other thing in action, to any person, as an inducement to the placing, or in consideration of having placed, in the hands of such attorney, solicitor or

counselor, or in the hands of any other person, any debt, demand, or thing in action, for collection."

By the common law, champerty was defined to be "a bargain with a plaintiff or defendant to divide the land or other thing sued for between them if they prevail at law; the champertor agreeing to carry on the suit at his own expense (citing Bouvier's Institutes of American Law, vol. 4, p. 236)." *Backus* v. *Byron,* 4 Mich. 535. The facts upon which plaintiff recovered in this case are clearly within the common-law definition of champerty, and are also within the inhibition of the foregoing statute. But it is contended by the plaintiffs that subsequent legislation in this State has wiped away the common and statute law with reference to champerty. The first inroad made upon them was "when the legislature enacted that lands in the adverse possession of another might be conveyed, and also that choses in action might be assigned," and it is doubtful whether the laws relating to champerty have had any place in our jurisprudence since the passage of those statutes. *Wildey* v. *Crane,* 63 Mich. 720 (30 N. W. 327). But, if they have, the passage of Act No. 58 of the Laws of 1867 (3 Comp. Laws, § 11254 [5 How. Stat. (2d Ed.) § 14432]), would seem to have completed what the other statutes began. That section in part provides:

"That all existing laws, rules, and provisions of law, restricting or controlling the right of a party to agree with an attorney, solicitor, or counsel, for his compensation, are repealed, and hereafter the measure of such compensation shall be left to the agreement, express or implied, of the parties."

This statute has been construed frequently by this court, and, on several occasions where the facts have been similar to those under consideration, it has followed *Wildey* v. *Crane, supra,* in holding that common-law champerty was repealed by the foregoing statute. *Town* v. *Tabor,* 34 Mich. 262; *Wildey* v.

*Crane,* 63 Mich. 720 (30 N. W. 327) ; *Denman* v. *Johnston,* 85 Mich. 387 (48 N. W. 565) ; *Smedley* v. *Dregge,* 101 Mich. 200 (59 N. W. 411) ; *In re Service's Estate,* 155 Mich. 179 (118 N. W. 948) ; *Foley* v. *Railway Co.,* 157 Mich. 67 (121 N. W. 257) ; *Grand Rapids, etc., R. Co.* v. *Cheboygan Circuit Judge,* 161 Mich. 181 (126 N. W. 56, 137 Am. St. Rep. 495) ; *Dreiband* v. *Candler,* 166 Mich. 49 (131 N. W. 129).

Section 1136 was an early statute, and, as it was in affirmance of the provisions of common-law champerty, we are of the opinion that it, too, was abrogated by sections 11254 and 10054.

3. It is said that a verdict should have been directed in behalf of defendants Geer, Williams, and Murphy. This contention is without much force when Mr. Lehman's testimony is considered, that he advised Mr. Murphy and all the attorneys of the railroad before the settlement was made that he had the case on a contingent basis. This testimony made the question of notice one of fact for the jury.

4. There was much conflict in the testimony on some of the material questions involved in the case; these questions were submitted to a jury, and we do not think the court was in error in refusing to set aside their verdict on the ground that it was against the weight of the evidence.

The judgment is affirmed.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.