## MINOR *v.* FICK.

LIENS—ATTORNEY'S LIEN ON JUDGMENT NOT DEFEATED BY COLLUSIVE SETTLEMENT—NOTICE.

> Although actual notice that an attorney relied on his lien on a judgment for his services and disbursements had not been given the judgment debtor, where the latter knew that the attorney had not been paid, a collusive settlement with the creditor made with the object of cheating the attorney would not defeat the lien.

Error to Kent; Perkins (Willis B.), J. Submitted October 10, 1923. (Docket No. 67.) Decided December 19, 1923.

Petition by Don E. Minor against Frank Fick to establish a lien upon a judgment for legal services. Judgment for petitioner. Defendant brings error. Affirmed.

*Arthur F. Shaw,* for appellant.

*G. A. Wolf (Don E. Minor,* of counsel), for appellee.

CLARK, J. In the Kent circuit a money judgment was entered in favor of John M. Westrate, plaintiff, and against Frank Fick, defendant. Petitioner, Don E. Minor, was Westrate's attorney in the cause. His charges for services and disbursements were not paid. Westrate and Fick pretended, collusively, to settle, and a release, purporting to be in satisfaction and discharge of the judgment, was given. Actual notice that Minor claimed a charging lien on the judgment had not been given to Fick, but he knew, as the trial judge properly found, that Minor's bill had not been paid. This proceeding was brought to have established and declared petitioner's charging lien on the

judgment.    An order was entered for the relief sought, which defendant reviews on error.

Appellant insists that it is a general rule that notice to the judgment debtor of the attorney's charging lien is necessary in order to protect it against a *bona fide* settlement and payment of the debt by the debtor made in ignorance of the existence of such lien, citing authorities.    But that rule does not apply where, as here, the settlement is collusive and designed to defeat the attorney's claim.    6 C. J. p. 773.    And we quote from syllabus of *Heartt* v. *Chipman*, 2 Aik. (Vt.) 162:

"Although notice by the attorney to the debtor, that he relies upon his lien, may be necessary to secure the attorney against a *bona fide* payment to the creditor; yet, if there be any collusion or design to cheat the attorney of his lien, the debtor will not be protected by a payment to the creditor with such design, though there be no notice."

The law gave the attorney a charging lien on the judgment.    *Wipfler* v. *Warren*, 163 Mich. 189; 6 C. J. p. 765; 2 R. C. L. p. 1069.

The order is affirmed, with costs to petitioner.

WIEST, C. J., and FELLOWS, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.