BROWNWELL CORPORATION v. GINSKY.

1. APPEAL AND ERROR—QUESTION FOR REVIEW.
    In absence of motion to dismiss cross-bill in nature of demurrer,
    the Supreme Court ought not to consider whether cross-bill
    would be bad on general demurrer.

2. CONSTITUTIONAL LAW—IMPRISONMENT FOR DEBT.
    Right of trial judge to impose reasonable conditions as right to
    proceed upon party seeking equitable relief does not confer
    power to imprison for failure to pay debt due on simple con-
    tract (Constitution, art. 2, § 20), and this is true even though
    court has ordered payment of such debt either to creditor or
    clerk of court.

3. CONTEMPT—COLLECTION OF CONTRACT DEBT NOT ENFORCEABLE BY
    CONTEMPT.
    Where collection of money due on contract between private par-
    ties can be enforced in simple action at law by execution, party
    may not be imprisoned for contempt for failure to pay it to
    clerk upon order of court (3 Comp. Laws 1915, § 12268,
    subd. 5).

Certiorari to Wayne; Moynihan (Joseph A.), J. Submitted April 3, 1929. (Docket No. 29, Calendar No. 34,121.) Decided June 3, 1929.

Bill by the Brownwell Corporation against Edward W. Ginsky and another to reform a land contract. Certiorari proceedings to review order holding defendant Ginsky in contempt of court. Order set aside.

*Friedman, Meyers & Keys,* for plaintiff.

*Stanley S. Krause,* for defendant.

FELLOWS, J.   Plaintiff filed its bill in the circuit court for the county of Wayne in chancery to reform the description in a land contract between it and defendants.   Defendants appeared and filed an answer admitting error in the description and consenting to the correction, and by way of cross-bill in their answer prayed for rescission of the contract alleging many breaches of its terms.   On motion of plaintiff, an order was made requiring that defendants pay into court all sums then due under the terms of the contract, the sums to become due as they matured, and the future taxes and assessments. Defendants did not make the payments and after a hearing upon an order to show cause defendant Edward W. Ginsky was committed to the county jail for contempt until such payments were made but not to exceed 30 days.   To review this order of commitment we issued this writ of certiorari.

Much space is taken in plaintiff's brief in calling our attention to the fact that defendants are seeking affirmative relief and to a consideration of whether their cross-bill would justify such affirmative relief. But we think both suggestions are beside the mark. In order to more clearly perceive what is before us, it may not be amiss to call attention to what is not before us.   There being no motion to dismiss the cross-bill in the nature of a demurrer, we ought not to consider whether the cross-bill would be bad on general demurrer.   The defendants do not seek an injunction to restrain plaintiff from enforcing the land contract; on the other hand, they offered in open court to surrender possession of the premises to the plaintiff.   Nor was the money required to be deposited in place of a bond or otherwise as a condition of the maintenance of the action set forth in the cross-bill.   Quite likely the trial judge may re-

quire reasonable conditions of a party seeking equitable relief such as a bond or deposit to secure payment of costs and doubtless numerous other conditions, and may refuse a party the right to proceed unless the conditions are complied with, but this right to impose conditions upon the right to proceed does not confer power to imprison for failure to pay a debt due on a simple contract (see Constitution, art. 2, § 20; *Melconian* v. *Grand Rapids,* 218 Mich. 397), and this is true even though the court has ordered the payment of such debt either to the creditor or to the clerk of the court. The putting of such a debt into a final decree or judgment, or into an interlocutory order does not change its character. The money required to be paid was at most due on a contract (and this assumes, for the purpose of the case, that defendants were entirely wrong on the facts set up in their cross-bill); it was not a specific fund nor was it a trust fund, nor was it due from or to an officer or arm of the court. It was at most a debt due on a contract between private parties and its collection could be enforced in a simple action at law by execution. Under such circumstances, a party may not be imprisoned for contempt for failure to pay it. 3 Comp. Laws 1915, § 12268, subd. 5; *North* v. *North,* 39 Mich. 67; *Carnahan* v. *Carnahan,* 143 Mich. 390 (114 Am. St. Rep. 660, 8 Ann. Cas. 53); *Swarthout* v. *Lucas,* 102 Mich. 492; *Jones* v. *Wayne Circuit Judge,* 236 Mich. 313; *Belting* v. *Wayne Circuit Judge,* 245 Mich. 111. In the last cited case, it was held (quoting from the syllabus);

"An order of court for payment of alimony, either permanent or temporary, is enforceable by proceedings for contempt, but other orders for payment of money are not so enforceable unless by law execution for collection cannot be awarded."

The order here under review will be set aside, with costs to defendant Edward W. Ginsky.

North, C. J., and Fead, Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred.