SHANK *v.* LIPPMAN.

*In re* DEWEY'S CLAIM OF LIEN.

ATTORNEY AND CLIENT—LIEN FOR SERVICES.
    Order of court below impressing lien on judgment for attor-
    ney's services for amount claimed is affirmed, on review.

Error to Wayne; Dingeman (Harry J.), J.   Sub-
mitted January 6, 1931.   (Docket No. 26, Calendar
No. 35,356.)   Decided February 27, 1931.

Action by Mary Shank against Harry J. Lippman
resulted in judgment for plaintiff.   Fred G. Dewey,
attorney for plaintiff, filed claim of lien upon the
judgment for services rendered.   Order for peti-
tioner is reviewed by plaintiff by writ of error.   Af-
firmed.

*Stanley J. Domzalski,* for plaintiff.

*Harry J. Lippman, in pro. per.*

*Sempliner, Dewey, Stanton & Bushnell* (*Arthur
F. Neef,* of counsel), for lien claimant.

SHARPE, J.   Fred G. Dewey, while a member of the
firm of Campbell, Dewey, Stanton & Bushnell, attor-
neys of Detroit, performed legal services for the
plaintiff, Mary Shank, which resulted in a judgment
in her favor against the defendant in the sum of
$3,350, which has not been paid.   On March 5, 1930,
Mr. Dewey filed an affidavit in the cause, setting up
the contract of employment, averring that there was
then due thereunder the sum of $1,284.10 and interest thereon, and alleging that the claim therefor had

been assigned to him. An order to show cause why said claim should not be declared a lien upon the judgment was thereupon issued and served upon the plaintiff. She appeared by her present attorney, declined to frame an issue, and insisted that the court was without jurisdiction in this proceeding to determine the amount of her liability for the legal services performed or to impress such amount as a lien upon the judgment.

After the submission of evidence, an order was entered fixing the fee as claimed and making it a lien upon the judgment, of which plaintiff seeks review by writ of error.

"The law creates the lien of a solicitor upon the judgment or fund resulting from his services. As a general rule, if the demand is reduced to a judgment against the client, the lien is lost." *Wipfler* v. *Warren,* 163 Mich. 189, 194.

See, also, *Minor* v. *Fick,* 225 Mich. 325.

The evidence justified the finding of the court as to the amount due by her, and the law warranted the impressing of the same as a lien upon the judgment in her favor.

The order entered is affirmed, with costs to Mr. Dewey.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.