## SHANK *v.* LIPPMAN.

### *In re* DEWEY.

APPEAL AND ERROR—RIGHT TO APPEAL WITHOUT LEAVE—GARNISH-
MENT—COURT RULES—STATUTES.

> Right to appeal without leave of court from order dismissing
> garnishment proceeding is not controlled by amount involved
> in principal suit, but by amount of liability of garnishee
> defendant to principal defendant (Court Rule No. 60; 3 Comp.
> Laws 1929, § 15491).

Appeal from Wayne; Smith (Guy E.), J., presiding. Submitted January 5, 1932. (Docket No. 34, Calendar No. 36,075.) Decided April 4, 1932.

Action by Mary Shank against Harry J. Lippman resulted in judgment for plaintiff. Fred G. Dewey, attorney for plaintiff, filed a claim and obtained order for lien upon the judgment for services rendered. Garnishment by lien claimant against Peoples Wayne County Bank. From order dismissing garnishment proceedings, lien claimant appeals. Appeal dismissed.

*Sempliner, Dewey, Stanton & Bushnell,* for lien claimant.

*J. Leon Katz,* for defendant.

*Henry F. Massnick,* for garnishee defendant.

NORTH, J.  Fred G. Dewey, as attorney for the plaintiff in the above-entitled cause, by order of the circuit court, was given an attorney's lien in the

amount of $1,460.66 upon the judgment of $3,350 obtained against the principal defendant. See *Shank* v. *Lippman,* 253 Mich. 451. Thereafter Mr. Dewey garnisheed the account of the defendant at the Peoples Wayne County Bank, which disclosed an indebtedness to the principal defendant in the amount of $4.74. Upon motion of the principal defendant the circuit judge dismissed the garnishment proceeding upon the ground that "the said lien claimant did have no just cause to be apprehensive of the loss of such claim." See 3 Comp. Laws 1929, § 14857.

Without obtaining leave of this court, an appeal has been taken from the order dismissing the garnishment proceeding. Appellee moved to dismiss the appeal on the ground that it appears from the record the amount involved is not in excess of $500, and under both the rule (Court Rule No. 60) and the statute (3 Comp. Laws, 1929, § 15491) permission to appeal was necessary. Clearly the motion is well founded. See *Hermesmeyer* v. *Northwestern Investment Co.,* 254 Mich. 384. In the matter now before the court, the right to appeal without leave is not controlled by the amount involved in the principal suit, but rather by the amount of the liability of the garnishee defendant to the principal defendant. There is no showing that this is in excess of $500. The appeal is dismissed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.