ROSENTHAL v. AMERICAN CONSTRUCTION & REALTY CO.

1. GARNISHMENT—EFFECT OF COURT'S ORDER RELEASING GARNISHMENT PENDING APPEAL—MOOT QUESTION.

Where order of trial court dismissing main suit has been affirmed by Supreme Court, question as to whether garnishment remained in effect pending appeal notwithstanding order of court releasing garnishment, is moot question.

2. CONTEMPT—REFUSAL TO OBEY ORDER RELEASING GARNISHMENT.

Garnishee defendant's refusal to obey court's order to pay to principal defendant money held subject to garnishment pending appeal from order dismissing main suit is not punishable by contempt, since relation between principal defendant and garnishee defendant is that of debtor and creditor, and remedy, if any, is action at law by execution.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted October 20, 1932. (Docket No. 168, Calendar No. 36,696.) Decided March 2, 1933.

Garnishment proceedings by Julius P. Rosenthal against American Construction & Realty Company, a Michigan corporation, principal defendant, and First Wayne National Bank of Detroit, garnishee defendant. From order fining garnishee defendant for contempt for failure to pay over money on release of garnishment, it appeals. Reversed.

*Milton B. Safier,* for principal defendant.

*Henry F. Massnick (Victor C. Swearingen,* of counsel), for garnishee defendant.

NORTH, J. After instituting the main suit, plaintiff garnisheed the First Wayne National Bank of

Detroit, which later disclosed indebtedness to the principal defendant in the sum of $4,035.80. Three days prior to this disclosure an order was entered in the circuit court granting defendant's motion to dismiss plaintiff's suit; but a stay of 20 days was ordered within which to appeal. During the stay period plaintiff perfected an appeal to this court from the order and judgment dismissing his suit. Decision on appeal resulted in affirmance of the judgment entered in the circuit court. *Rosenthal* v. *American Construction & Realty Co., ante,* 91. On the day following disclosure by the garnishee defendant, the principal defendant petitioned the circuit court for an order releasing the garnishment. This petition was not heard by the court until after the appeal to this court had been perfected. On the day of hearing the circuit judge ordered release of the garnishment, and further:

"That the garnishee defendant herein  *  *  *  do forthwith release the defendant's bank account garnisheed under said writ of garnishment and do forthwith release and surrender to the defendant at its request all sums of money and other property now held by the said garnishee defendant,  *  *  *  under the aforesaid writ of garnishment."

Notwithstanding this order of the court, the garnishee defendant refused to pay to the principal defendant the money of which it had disclosed possession. This evidently was because the garnishee defendant considered itself still contingently liable to plaintiff under the writ of garnishment, since the record disclosed an appeal from the order of dismissal of the main case. But there having been affirmance in this court and final dismissal of the main case (*Rosenthal* v. *American Construction & Realty Co., supra*), the ancillary garnishment pro-

ceeding is now also at an end; and the question raised by appellant herein as to whether the garnishment remained in effect pending the appeal is now moot. We forego discussion and decision because it is intimated in appellee's brief that dismissal of the garnishment was on other and justifiable grounds, such as were made the basis of dismissal of the garnishment proceedings in *Shank* v. *Lippman,* 258 Mich. 225.

But this record also discloses that the circuit judge imposed a fine of $100 upon the garnishee defendant for contempt in refusing to comply with the court's order that the garnishee defendant should "forthwith release and surrender to the defendant at its request all sums of money" held in the garnishment proceeding. From this judgment of the circuit court in the contempt proceeding the garnishee defendant has appealed. The point is made by appellant relative to paying to the principal defendant the money which appellant held as garnishee defendant, that the relation of the two parties was simply one of debtor and creditor and that the creditor (appellee) had a complete remedy at law and (if entitled to the money) could recover judgment and have execution therefor; and that therefore the circuit court was in error in attempting to coerce payment or delivery of the money by contempt proceedings. Appellant's position is sound in law.

"We have no difficulty in holding that the process of contempt to enforce civil remedies is one of those extreme resorts which cannot be justified if there is any other adequate remedy. * * * Payment of money can only be enforced by attachment 'where by law execution cannot be awarded for the collection of such sum.' " *Haines* v. *Haines,* 35 Mich. 138.

See, also, *North* v. *North,* 39 Mich. 67.

"Where collection of money due on contract between private parties can be enforced in simple action at law by execution, party may not be imprisoned for contempt for failure to pay it to clerk upon order of court (3 Comp. Laws 1915, § 12268, subd. 5 [3 Comp. Laws 1929, § 13910, subd. 5])." *Brownwell Corp.* v. *Ginsky* (syllabus), 247 Mich. 201, citing several other decisions of this court.

The order of the circuit court adjudging appellant guilty of contempt and imposing a fine is set aside. Costs to appellant.

McDonald, C. J., and Clark, Potter, Sharpe, Wiest, and Butzel, JJ., concurred. Fead, J, did not sit.