**In re ESTATE OF Margaret J. BONHAM,**

**Marlene F. Bonham–Leonard, Appellant.**

**No. 01–PR–789.**

District of Columbia Court of Appeals.

Submitted Nov. 18, 2002.
Decided Feb. 20, 2003.

Bernard A. Gray, Sr., Washington, DC, submitted a brief for appellant.

Paschal R. La Padula submitted a brief, pro se.

Benjamin W. Bonham, pro se, adopted the brief of appellee La Padula for the estate of Margaret J. Bonham.

Before SCHWELB and WASHINGTON, Associate Judges, and BELSON, Senior Judge.

SCHWELB, Associate Judge:

Marlene F. Bonham–Leonard appeals from a Superior Court order holding her in civil contempt and ordering her conditionally imprisoned for ninety days for nonpayment of counsel fees and costs awarded to opposing counsel by order of the trial court. Because contempt, and in particular imprisonment, are inappropriate remedies in such a case, we reverse.

## I.

This case began as a probate matter. The contemnor, Ms. Bonham–Leonard, has an interest in her late mother's estate. At the time when the original dispute arose, Ms. Bonham–Leonard was living in her mother's home. After her mother's death, Ms. Bonham–Leonard failed to comply with the requests of appellee Paschal La Padula, the former counsel for the personal representative, for access to the home. As a result, on September 29, 2000, the trial court, per Judge Cheryl M. Long, found Ms. Bonham–Leonard to be in violation of Super. Ct. Prob. R. 109. Judge Long ordered Ms. Bonham–Leonard to grant Mr. La Padula and his appraisers access to the home, and she granted Mr. La Padula's request for reasonable counsel fees and costs incurred in obtaining the order.

In accordance with Judge Long's decision, Mr. La Padula submitted a statement of fees and costs to the court. The matter then came before Judge Kaye K. Christian. On January 17, 2001, Judge Christian entered a second order in which she ordered Ms. Bonham–Leonard to pay Mr. La Padula fees and costs in the amount of $4,083.75. Ms. Bonham–Leonard filed a motion for reconsideration, which the court denied.

Notwithstanding the court's order, Ms. Bonham–Leonard failed to pay the fees and costs that the court found to be due and owing. On June 12, 2001, the court held an evidentiary hearing on the subject of Ms. Bonham–Leonard's noncompliance. At the conclusion of the hearing, and in written findings issued two days later, the judge found that Ms. Bonham–Leonard owned real property, including a large trailer in a resort campsite that could be "converted easily to cash";[1] that Ms. Bonham–Leonard had regular monthly income;[2] and that she was able to pay her other bills. As a result, the court found that Ms. Bonham–Leonard had the ability to comply with the court's order but had failed to do so.

In light of these findings, the court held Ms. Bonham–Leonard in civil contempt and ordered that she be conditionally imprisoned for ninety days unless and until she paid Mr. La Padula $4,083.75 in counsel fees and costs. A timely appeal followed. Counsel for Ms. Bonham–Leonard filed an emergency motion for a stay of the order of imprisonment pending appeal. The trial judge denied the motion, but a motions panel of this court issued a stay pending appeal and ordered that Ms. Bonham–Leonard be released forthwith. Ms. Bonham–Leonard's appeal from the con-

---

1. The court credited the testimony of the personal representative, Ms. Bonham–Leonard's brother, who testified that Ms. Bonham–Leonard owns a campsite in Virginia worth $5,000.00–$6,000.00, and a trailer on that site worth $3,000.00.

2. Ms. Bonham–Leonard testified that she receives approximately $540.00 per month in disability payments, $100.00–$125.00 in contributions from her son, and $35.00 in child support payments, but that the child support payments were not paid consistently.

tempt order itself is now before us on the merits.

The parties submitted briefs in this matter, but did not address the question whether civil contempt, and in particular conditional imprisonment, is an appropriate remedy for the violation of an order directing the payment of counsel fees and costs. On November 27, 2002, this court issued an order directing Mr. La Padula and the personal representative to show cause, if any there be, why the judgment of civil contempt should not be reversed and why Mr. La Padula should not be remitted to the vindication of his rights by more conventional means of enforcing a money judgment.

Mr. La Padula filed a one-page answer in which he acknowledged that imprisonment was not an appropriate means of enforcement of the award of counsel fees and costs, but he maintained that the trial court did not err in holding appellant in contempt. He now requests instead that judgment be entered against Ms. Bonham–Leonard in the amount of $4,083.75. The personal representative adopted Mr. La Padula's answer to the show cause order. Ms. Bonham–Leonard's attorney likewise submitted a one-page reply in which he "request[ed] the [c]ourt to reverse the judgment of civil contempt and award [A]ppellant attorney's fees and cost[s]."[3]

## II.

The proceedings in this case are reminiscent of the ancient but now largely discredited practice of imprisonment for debt.

See generally 16B AM. JUR.2d Constitutional Law §§ 627–33 (1998) ("Freedom from Imprisonment for Debt"). We hold that in the absence of statutory authority or exceptional circumstances, a money judgment cannot be enforced by incarceration of the debtor.

■ When the trial judge sentenced Ms. Bonham–Leonard to imprisonment for ninety days unless she paid Mr. La Padula $4,083.75 in counsel fees and costs, she exceeded her statutory authority. D.C.Code § 15–320(c) (2001) provides: "Where a decree only directs the payment of money, the defendant may not be imprisoned except in the cases especially provided for." This provision has read much the same for more than a hundred years.[4] In *McGrew v. McGrew,* 59 App. D.C. 230, 233, 38 F.2d 541, 544 (1930), the court described an order directing the defendant to pay all but $100.00 of his monthly income to a receiver to satisfy a debt as "obnoxious in principle" to the prohibition against imprisonment for debt. "Necessarily it threatens the defendant with punishment as for contempt of court if he fails to pay certain sums of money, at certain times in the future, in satisfaction of an existing debt." *Id.*

■ It is true that there are certain very limited circumstances in which conditional imprisonment for nonpayment of money has been held to be allowable—*e.g.,* contempt for the nonpayment of child support when a parent has the ability to pay. *See Smith v. Smith,* 427 A.2d 928, 931 (D.C.1981). However, those cases are

---

**3.** Ms. Bonham–Leonard has made no showing why we should depart from the traditional rule that, with certain exceptions not here applicable, each party must pay its own counsel fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

**4.** The 1901 version of the D.C.Code provided that, "where the decree only directs the payment of money no defendant shall be imprisoned except in those cases especially provided for." § 113. While this provision has been recodified several times, its language has remained essentially the same. *Compare* D.C.Code § 15–320(c) (2001).

predicated upon express statutory authority and thus fall within the "cases especially provided for" in § 15–320(c). *See Smith,* 427 A.2d at 931; D.C.Code §§ 16–911 to – 912 (2001). No such statutory authority supports the trial court's action here.[5] Moreover, even in child support cases "[t]he law ... generally disfavors imprisonment for debt." *Smith,* 427 A.2d at 931 (citing *Lundregan v. Lundregan,* 102 U.S.App. D.C. 259, 260, 252 F.2d 823, 824 (1958)).

In *Bahre v. Bahre,* 248 Ind. 656, 230 N.E.2d 411 (1967), a case essentially on all fours with the one at hand, the Supreme Court of Indiana held that contempt proceedings, and imprisonment in particular, are inappropriate remedies to enforce the payment of counsel fees. The trial court in that case had ordered the conditional imprisonment of a defendant for nonpayment of counsel fees that had been awarded to the complainant in an earlier order of the court. The Supreme Court reversed, holding that "[r]efusal to discharge a money judgment is not contempt of court and cannot be punished as a contempt of court." *Id.* at 414. The court went on to state that "[g]enerally, money judgments are enforced by execution. Various other collateral or auxiliary remedies are available for the enforcement of money judgments, but contempt of court is not one of those remedies." *Id.* at 415.

■ The principle applied by the court in *Bahre* is not of recent vintage. Seventy years ago, the Supreme Court of Michigan held that "the process of contempt to enforce civil remedies is one of those extreme resorts which cannot be justified if there is any other adequate remedy.... Payment of money can only be enforced by attachment where by law execution cannot be awarded for the collection of such sum." *Rosenthal v. Am. Constr. & Realty Co.,* 262 Mich. 97, 247 N.W. 119, 120 (1933); *accord, State of Washington v. Barklind,* 87 Wash.2d 814, 557 P.2d 314, 318 (1976) ("It is elementary that personal liberty transcends the obligation to pay a monetary sum in most circumstances."); *LaRue v. LaRue,* 341 Ill.App. 411, 93 N.E.2d 823, 826 (1950) (imprisonment for debt should not be used "unless there are no other reasonable means of enforcement; that every doubt should be resolved in favor of liberty of the citizen ...") (citations omitted). There is ample additional authority to the same general effect. *See generally* 17 AM. JUR. 2D *Contempt* § 144 (1990); 17 C.J.S. *Contempt* § 15 (1999). We agree and hold that, absent statutory authority or exceptional circumstances, contempt in general, and the imposition of imprisonment in particular, are not appropriate means to enforce a money judgment or an award of counsel fees and costs.

■ Moreover, Rule 69(a) of the Superior Court's Rules of Civil Procedure provides, in pertinent part, that "[p]rocess to enforce a judgment for the payment of money shall be [by] writ of execution, unless the [c]ourt otherwise directs." While that last clause—"unless the [c]ourt otherwise directs"—contemplates the possibility of securing payment by some means other

---

5. In her conclusions of law, the trial judge stated that Ms. Bonham–Leonard would evidently rather go to jail than pay the counsel fees. No evidence was introduced to this effect; Ms. Bonham–Leonard's alleged statement was related to the trial court by Mr. La Padula's attorney, who was not a witness. As jurors are instructed in this jurisdiction in every civil and criminal case, statements of counsel are not evidence. STANDARDIZED CIVIL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 2–5 (rev. ed.*1998*); CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 2.05 (4th ed.1996). We express no opinion as to whether a civil contempt citation would have been appropriate if there were admissible evidence that Ms. Bonham–Leonard made such a statement.

than execution, this exception does not permit a trial court to "enforce a money judgment by contempt or methods other than a writ of execution, except in cases where established principles so warrant." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir.1983) (citations omitted) (construing FED. R. CIV. P. 69(a)).[6] *See generally* 13 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 69.02 (3d ed.2002).[7] Mr. La Padula cannot point to any "exceptional circumstances" or "established principles" that would allow him to secure payment through contempt rather than by resort to a writ of execution or other comparable remedies. *Shuffler, supra*, 720 F.2d at 1148.

### III.

For the foregoing reasons, the order of the trial court is reversed. The case is remanded to the trial court with directions to dismiss the contempt proceeding and to enter judgment in Mr. La Padula's favor in the appropriate amount.

*So ordered.*

---

**6.** "This court looks with favor on the federal authorities interpreting an identical federal rule." *McCallum v. United States*, 808 A.2d 1242, 1244 n. 4 (D.C.2002) (quoting *Demus v. United States*, 710 A.2d 858, 859 (D.C.1998)) (internal quotation marks omitted).

**7.** This case does not involve monetary sanctions imposed by a court pursuant to Rule 11 or Rule 37 of the Superior Court's Rules of Civil Procedure, and we express no opinion as to the availability of civil contempt as a means of enforcing compliance with orders to pay money based on either of these Rules.