WIPFLER *v.* WARREN.

1. ATTORNEY AND CLIENT—LIEN—JUDGMENT.
   The law creates the lien of a solicitor upon the judgment or fund resulting from his services.

2. SAME—REDUCING CLAIM TO JUDGMENT—TERMINATION OF LIEN.
   An attorney's lien is lost by reducing his demand to judgment.

3. SAME—SUBSTITUTION.
   A solicitor may not complain of a substitution of solicitors if the order of substitution preserves his lien.

4. SAME—DETERMINATION OF LIEN—EQUITY JURISDICTION.
   A court of chancery, after rendering a decree for defendants in a stockholder's suit, and ordering the receiver, who was appointed pending a determination of the facts, to account for funds in his hands, may protect the lien of defendants' solicitor on said fund in the receiver's hands, and on motion of defendants to substitute solicitors, tendering an issue as to the amount due their solicitor, the court has power to determine the amount.

5. EQUITY—COURTS—JURISDICTION — TRANSITORY ACTIONS — SITUS OF PROPERTY.
   Complainant filed a bill for an accounting and other relief in the county of her residence, representing that in a suit by her husband to establish his interest in a corporation, a decree had been entered for the defendants; that the complainant who was the receiver in the cause, although ordered to account for property in his hands had failed to do so; that the defendants had, on motion, substituted a solicitor for their original counsel, whose lien the order of the court, made on such motion, preserved; that an issue of fact framed by said court in chancery as to the amount due defendants' solicitor was joined and determined by order of the court; that the complainant later executed a mortgage upon property in the county of Wayne to pay an alleged claim against the defendant corporation of her husband, one of the defendants who had assigned the claim to a third party, also a defendant in the suit. The bill prayed that the respective rights of the parties be determined, the order determining the amount of the solicitor's lien vacated, and the real estate mortgage be canceled. *Held* on pleas to the jurisdiction, that the

Jackson circuit court has no jurisdiction over the cancellation or foreclosure of a mortgage upon real estate situated in Wayne county, and complete relief could not therefore be rendered upon the claims of the defendants based on the instrument.

Appeal from Jackson; Parkinson, J. Submitted June 21, 1910. (Docket No. 17.) Decided November 11, 1910.

Bill by Lucy Wipfler against Fred H. Warren, Charles R. Robertson, Ross A. Rastall, Detroit Pattern Works, Charles E. Wipfler and J. Louis Horn to obtain an accounting, a determination of the several claims of defendants, for a receiver and the dissolution of defendant corporation. From a decree for defendants, complainant appeals. Affirmed.

*Grove H. Wolcott,* for complainant.

*Charles R. Robertson (Choate, Webster, Robertson & Lehmann,* of counsel), for defendants.

Pending the suit of Charles Wipfler, complainant, v. Detroit Pattern Works, Lucy Wipfler, Charles E. Wipfler, and Louis Horn, defendants, to establish the rights of complainant in defendant corporation, the circuit court for the county of Wayne, in chancery, had, through its receiver, sequestered the property, or some of the property, of said corporation. After a decree had been entered in this court (140 Mich. 677 [104 N. W. 545, 112 Am. St. Rep. 430]), such proceedings were had in the court below that Charles Wipfler, who had been appointed receiver and who had filed a bond as receiver, was, on or about April 10, 1906, directed to pay the sum of $3,762.78, found to be in his hands as such receiver, to the Detroit Pattern Works. This order and decree of the said court neither he nor his surety, it appears, has ever performed. On or about January 7, 1907, a motion was entered in said cause in the said circuit court by defendants, or some of them, for an order substituting William C. Gottman

as solicitor for defendants in the place of Fred H. Warren, who had been their solicitor. This motion came on to be heard in said court, and at said hearing it was represented to the court by affidavits and by oral testimony on the part of the defendants that said Warren had agreed to do all the legal work in connection with said litigation to its final determination for $500, and to pay all the costs, "such as briefs, records, etc.;" that said Warren had been paid $550, and refused to consent to the substitution of solicitors until he had been paid a further sum. On the part of said Warren, it was denied that he agreed to perform the said legal services for the sum of $500 or any other specified sum, or ever agreed to pay out of said sum the costs for records, briefs, etc., or any other costs. The services which had been rendered and their value, and whether or not any such agreement was made, and the amounts of money which had been paid to the said Warren, were submitted to the court, and the court on January 7th made and entered a decree to the effect that said Warren made no such contract as was alleged; that the suit had passed to a final decree, and all that remained to be done was to collect the money from the receiver; that the reasonable value of the services rendered by such receiver was $1,500; that his disbursements were $167.43; that he had received certain sums from the defendants and collected certain other sums which he had legally and properly applied toward the payment of disbursements and fees; that there was due to him the sum of $651, for which sum he was entitled to a first lien upon the decree in said cause and the moneys payable under said decree. The receiver and his surety were ordered to pay this amount to Warren forthwith. A claim of appeal from said decree was made and filed. Various periods of extension were granted by said court of the time to settle a case on appeal. The appeal was never perfected, and the decree of January 7, 1907, aforesaid, became absolute on or about August 8, 1907. It further appears that Charles Wipfler, complainant in the

action referred to, claimed that the defendants in said action were indebted to him for services, which claim, or a part of it, was assigned to one Charles R. Robertson of the city of Detroit, who thereby began a suit in assumpsit in the Wayne circuit court to recover the same against the Detroit Pattern Works, Charles E Wipfler, and Lucy Wipfler, and at the same time garnished the surety of the receiver. Lucy Wipfler appeared in said cause, but later, by an arrangement and agreement, made in writing October 29, 1908, Lucy Wipfler agreed that, if she or the Detroit Pattern Works should obtain a judgment against the receiver and his surety, she would pay the sum of $1,500 out of the money so recovered to a trustee named in said agreement to settle the said demand, and she made a mortgage upon certain real estate situated in the county of Wayne to secure payment of $1,000 of the said $1,500 to the said trustee. Later a mortgage upon another description of property was substituted for the mortgage first given. This arrangement was in settlement of the demand so asserted by said Robertson in said suit, and the suit was discontinued.

The matters referred to being in the condition stated, Lucy Wipfler removed from Wayne county to Jackson county, Mich., and in the latter county, on September 21, 1909, she filed her bill of complaint and made the Detroit Pattern Works, Charles E. Wipfler, J. Louis Horn, William C. Gottman, Fred H. Warren, Charles R. Robertson, Ross A. Rastall, parties defendant, asking that they answer the bill; that an accounting might be had to determine the rights of herself, the said Charles E. Wipfler, and J. Louis Horn to the property and effects of the Detroit Pattern Works; that the claims and demands and asserted liens on Warren, Gottman, Robertson, Rastall, trustee in the mortgage, and Charles Wipfler upon said assets be considered, and, if found to be invalid, so declared, and, if valid, that decrees determining their nature, validity and extent be entered; that a receiver be appointed to discover and collect the property and effects of

the Detroit Pattern Works (which are alleged to consist only of the money due from the receiver); that a decree be entered formally dissolving the corporation known as the Detroit Pattern Works, and distributing the assets to the persons entitled thereto. It is charged that the arrangement by which the demand asserted by Robertson was liquidated, and a part of it secured, was fraudulent. The facts here stated are not in dispute.

To this bill of complaint Fred H. Warren filed his plea to so much and such parts of the bill as asked any relief against or sought a recovery from him, setting up in the plea some of the facts to which reference has been made, including the decree of the circuit court for the county of Wayne, in chancery, establishing his demand and lien. The defendants Robertson and Rastall also filed a plea to the effect that the subject-matter, in so far as such defendants were interested, was not local, but that the bill as exhibited, in so far as they were interested in it, related to and affected lands and real estate in the county of Wayne. The defendant Robertson also filed an answer in support of his plea to the jurisdiction; the essential allegation of which, in so far as the point to be considered is concerned, is that the bill in effect was filed to set aside and cancel a real-estate mortgage on real estate in the county of Wayne, quieting the title thereto. Later the bill was dismissed as to the defendant William C. Gottman. It was taken as confessed by the Detroit Pattern Works, Charles E. Wipfler, J. Louis Horn, and Charles E. Wipfler, as president of the Detroit Pattern Works, for want of appearance. But upon the pleas of the said Warren and the said Robertson and Rastall, respectively, it was determined, and a decree to that effect was made and entered, that the court had no jurisdiction with respect to the right of the said Warren to a lien upon the decree rendered in the original cause. It was further ordered and adjudged that the court had no jurisdiction with respect to the said defendants Robertson and Rastall because the matters concerning said defendants were subject only to the juris-

diction of the circuit court for the county of Wayne.   The pleas therefore were allowed, and, as to those defendants, the bill dismissed with costs.   From this decree, the complainant has appealed to this court.

As to the decree in favor of Fred H. Warren, it is contended that the decree of the circuit court for the county of Wayne, establishing the sum due to said Warren and declaring it to be a lien upon said original decree and the moneys due thereunder, was beyond the power of the court to make and enter; that the only issue which the said court had power to determine was whether Gottman should be substituted for Warren, or whether the said defendants were entitled to such substitution; and that the only order the judge should have made was that there should be substitution when the controversy as to Warren's fees was settled.

As to the defendants Robertson and Rastall, it is contended that no real estate or interest in lands is involved in the controversy; that one of the purposes of the suit is to determine the validity of the agreement made by complainant with respect to the lien of said defendants upon the original decree and the interest of the defendant Robertson in that decree, a proceeding which is transitory, and can be brought in the county of complainant's residence; that, if the agreement by which the mortgage was procured was fraudulent, the mortgage given as collateral security for the performance of it must of necessity fall with it, but that the nature of the bill must be determined from the relief asked, which is only that the claim of lien of said defendants upon the said original decree be adjudicated with reference to its validity or invalidity.

OSTRANDER, J. (*after stating the facts*).   The law creates the lien of a solicitor upon the judgment or fund resulting from his services.   As a general rule, if the demand is reduced to a judgment against the client, the lien is lost, and, as a general rule, a solicitor may not complain of a substitution of solicitors if the order of substi-

tution preserves his lien. *Jones* v. *Muskegon Circuit Judge*, 95 Mich. 289 (54 N. W. 876). The original decree required the receiver to pay a fund, the amount of which was also established, to one of the clients of Mr. Warren. Complainant here claims to be owner of the fund. The decree determining the amount of the lien of Mr. Warren was, in effect, a modification of the original decree, was made in the same cause upon the determination of an issue of fact which was tendered by the clients of Mr. Warren, of whom the complainant here was one. It may be remarked that she proposes in her present suit to submit the identical issue to the circuit court in chancery for the county of Jackson. We have no doubt of the power of the court which made the original decree to so direct its receiver that the lien of the solicitor should not be impaired, and find no reason or authority for denying the power to determine upon the application of the fund owners the extent of the lien.

As to the contention respecting the plea of defendants Robertson and Rastall, it is apparent, other considerations aside, that the circuit court in chancery for Jackson county cannot render complete relief. It cannot entertain a cross-complaint to foreclose the mortgage nor enter a decree which shall operate as a strict foreclosure, nor compel a discharge of the mortgage. The bill of complaint is directed to securing a release of the mortgage upon land in Wayne county, a result which, whatever the decree of the court may be, must be finally brought about by a proceeding in the county in which the land is situated. This court is not called upon to determine, but it is proper to suggest, whether the Jackson county court ought to make any order, determination, or decree respecting the fund which is in the hands and under the control of the Wayne county court; whether the receiver and his surety can be discharged of responsibility under an existing decree by obeying, not the order of the court appointing the receiver, but the order of some other court. It is a plausible argument that only the rights of certain persons as between

each other are involved. But to the extent that we are called upon to determine those issues, effective and complete determination involves disposition of a fund still in the hands of a receiver of a court other than the court asked to render the required decrees.

The decree is affirmed, with costs to appellees.

BIRD, C. J., and HOOKER, BLAIR, and STONE, JJ., concurred.