DREIBAND v. CANDLER.

1. ATTORNEY AND CLIENT — LIEN FOR COMPENSATION — PERSONAL INJURIES—FEES—STATUTES.

After having made a bona fide agreement in writing with a client to prosecute a personal injury claim for half of the amount to be recovered, the client to advance necessary costs, an attorney does not forfeit his lien by subsequently arranging to advance the preliminary costs for his client. 1 Comp. Laws, § 1136.

2. SAME.

> The effect of a contract to prosecute an action for a stated share of the proceeds, made in good faith, is to assign a portion of the judgment or claim.

Case by Benjamin Dreiband against James D. Candler and George V. Candler, copartners as J. D. Candler & Company, for personal injuries. Judgment for defendants and plaintiff brings error. On motion of plaintiff's attorneys to strike from the files a stipulation discontinuing the cause. (Calendar No. 24,230.) Motion granted May 8, 1911.

*Sloman & Sloman*, for the motion.

*Keena, Lightner & Oxtoby, contra.*

OSTRANDER, C. J. Benjamin Dreiband, in October, 1909, consulted with Sloman & Sloman, a firm of attorneys in the city of Detroit, in relation to a claim which the said Dreiband asserted against J. D. Candler & Co., arising out of a personal injury received by the said Dreiband while in the employ of the said J. D. Candler & Co. He made an agreement with Sloman & Sloman, which was reduced to writing, employing them to prosecute his said claim for damages against J. D. Candler & Co.; the concluding part of the agreement reading as follows:

"If you will accept said employment, I will agree to pay you for your services one-half of any sum you may recover, either by suit or settlement, and, if suit is brought, I will advance the preliminary costs to the amount of $6 or $7, as the costs may be. I wish you to prosecute the claim as promptly and vigorously as circumstances will permit."

After some negotiations, a suit was begun and tried in the circuit court for the county of Wayne, resulting in a judgment for the defendants. The proceedings were removed to this court by writ of error, a record and briefs were printed, and the cause stood for hearing upon the April, 1911, docket of this court. In said suit and proceed-

ings the said plaintiff was represented by Sloman & Sloman. On March 30, 1911, a written stipulation for an order discontinuing said cause, signed by the parties to said cause, was filed with the clerk of this court, who thereupon struck said cause from the docket. The attorneys for the plaintiff have moved the court to strike said stipulation from the files and to reinstate the cause.

It appears by affidavit, and the fact is not disputed, that the defendants had notice of the interest of the said Sloman & Sloman in the said demand; but it is contended that inasmuch as it appears by the affidavit filed in support of said motion that after the original arrangement was made between plaintiff and his attorneys, and before suit was begun, his said attorneys agreed to advance costs necessary to the prosecution of the said demand, therefore the entire agreement is one which is within the prohibition of the statute, which reads:

"No attorney, solicitor or counselor, by himself, or by or in the name of any other person, shall lend or advance, or agree to lend or advance, or procure to be lent or advanced, any money, or any bond, bill of exchange, draft or other thing in action, to any person, as an inducement to the placing, or in consideration of having placed, in the hands of such attorney, solicitor or counselor, or in the hands of any other person, any debt, demand, or thing in action, for collection." 1 Comp. Laws, § 1136.

The contention is not sound. The theory upon which a lien follows a lawful agreement entered into between attorney and client with respect to compensation is that the agreement amounts to an assignment of a portion of the judgment sought to be recovered or expected as the fruit of the litigation. *Wildey* v. *Crane*, 63 Mich. 720 (30 N. W. 327); *Line* v. *McCall*, 126 Mich. 497, 506 (85 N. W. 1089); *Weeks* v. *Wayne Circuit Judges*, 73 Mich. 256 (41 N. W. 269). There is no reason for considering the proper meaning and application of the statute which is referred to.

We are of opinion that if the original agreement was

made in good faith, and bad faith is not asserted, it was a valid agreement (*Grand Rapids, etc., R. Co.* v. *Cheboygan Circuit Judge*, 161 Mich. 181 [126 N. W. 56]), and was not invalidated by the fact that counsel afterwards advanced money for the expenses of the litigation. If it appeared that the understanding and agreement was that counsel should bear the expenses of litigation, a different question would be presented.

The motion to strike the stipulation discontinuing the cause from the files and to reinstate said cause is granted, with costs to the moving party.

BIRD, HOOKER, MOORE, and McALVAY, JJ., concurred.