BOYER *v.* SERVICE DISTRIBUTORS, INC.

1. WORKMEN'S COMPENSATION — MEDICAL EXPENSES — BURDEN OF
   PROOF — EVIDENCE.

   An injured employee who sustains an injury arising out of
   and in the course of his employment under circumstances where-
   by the employer denies liability for payment of workmen's
   compensation, and which injured employee seeks to recover
   medical expenses from the employer, has the burden of proving
   his medical expenses, and upon proof of "the reasonable ex-
   penses incurred by or on his behalf" he must "be reimbursed"
   (CLS 1956, § 412.4).

2. SAME—MEDICAL EXPENSES—DIRECT PAYMENT TO INJURED EM-
   PLOYEE.

   Payment of medical expenses incurred by an employee of an
   employer who has denied liability for workmen's compensation
   must be made to the injured employee rather than directly to
   the hospitals, doctors, druggists, nurses, specialists, insurance
   companies, or others to whom he may yet be indebted for
   medical services or supplies (CLS 1956, § 412.4).

Appeal from Workmen's Compensation Appeal
Board. Submitted January 10, 1962. (Docket No.
72, Calendar No. 49,286.) Decided May 17, 1962.

Archie Boyer presented his claim against Service
Distributors, Inc., employer, and Michigan Mutual

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Workmen's Compensation §§ 332, 333.
   Workmen's compensation: liability of employer or insurance com-
   pany for medical and hospital aid furnished to injured employee.
   7 ALR 545.
   Workmen's compensation: construction and effect of provisions
   in relation to compensation of physicians or others rendering
   services to injured employee. 72 ALR 1012, 143 ALR 1264.

Liability Company, insurer, for compensation and medical expense arising from injury during employment. Award to plaintiff with order to reimburse plaintiff sums for medical expenses which he had incurred but had not yet paid. Defendants appeal contending payment for medical expense should be made to parties owed therefor. Award to plaintiff affirmed.

*Starkey & Gentz* and *Marcus, McCroskey, Finucan & Libner* (*Paul A. Williams* and *Benjamin Marcus,* of counsel), for plaintiff.

*LeVasseur, Werner & Mitseff* (*Norman J. LeVasseur,* of counsel), for defendants.

*Amicus Curiae:*

*Benjamin H. Long, David M. Preston, L. Stanford Evans, Jr.,* and *Brownson Murray,* for Michigan Hospital Service.

Adams, J. Plaintiff was injured in 1957 as a result of an altercation with a fellow employee. Application was made for compensation. Liability was denied. The hearing referee determined that liability existed. An appeal was taken to the appeal board. The board affirmed the award of the hearing referee and also ordered that the plaintiff be reimbursed for medical expenses.

On April 26, 1961, this Court granted defendants' application for leave to appeal "restricted, however, to the question of whether the order should contain a direction to pay the hospital and medical bills to the parties to whom they are owed rather than to the injured employee or his dependent who had not paid them."

In addition to the briefs filed by the parties, Michigan Hospital Service has filed a brief *amicus curiae,* in which it is contended that it is in the public interest that a determination be made requiring payment of the bills to the parties to whom they are owing rather than to the plaintiff claimant.

The question in this appeal involves the proper construction to be placed upon CLS 1956, § 412.4 (Stat Ann 1960 Rev § 17.154), which reads as follows:

"The employer shall furnish, or cause to be furnished, to an employee who receives a personal injury arising out of and in the course of his employment, reasonable medical, surgical and hospital services and medicines or other attendance or treatment recognized by the laws of this State as legal, when they are needed, for the first 6 months after the injury and thereafter for such additional 6 month periods as the commission* may in its discretion order. * *. * The employer shall also supply to such injured employee dental service, crutches, artificial limbs, eyes, teeth, eye glasses, hearing apparatus and such other appliances as may be necessary to cure, so far as reasonably possible, and relieve from the effects of the injury. *If the employer shall fail, neglect or refuse so to do such employee shall be reimbursed for the reasonable expense incurred by or on his behalf in providing the same, by an award of the commission.*"    (Emphasis supplied.)

Where liability is recognized by an employer, the question of payment does not arise. It is only in the somewhat unusual situation, liability having been denied by the employer and the employee having been

---

* The powers and duties of the workmen's compensation commission, here referred to, have been transferred to the workmen's compensation department and to the workmen's compensation appeal board, and the workmen's compensation commission has been abolished. See PA 1955, No 62, adding to PA 1947, No 357, chap 1A, particularly sections 1, 2, 9, 10 (CLS 1956, §§ 408.1, 408.2, 408.9, 408.10; Stat Ann 1960 Rev §§ 17.6[7], 17.6[8], 17.6[15], 17.6[16]).—REPORTER.

obliged to procure his own medical needs, that the question of payment presents itself. Under such circumstances, the employee may have insurance, or sufficient savings, or be able to pay as he goes, or he may be in the situation of having to go into debt for his medical expenses. Whatever the case, the employer having denied liability is not involved.

In this case, the question is simple. The parties agree the medical expenses were reasonable and necessary. In other cases, the issues to be determined by the hearing referee may be considerably more complicated, if it is necessary for him, in addition to determining whether or not the medical expenses are reasonable and necessary, to determine the status of payment and to whom payment should be made. Such a construction of the statute could result in an interpleader of hospitals, doctors, druggists, nurses, specialists in the making or providing of appliances, insurance companies, and others, who might have been involved in the treatment of an injured employee. Numerous collateral issues with regard to payment, subrogation, and reimbursement could arise.

We do not believe such is the intent of the statute. It sets forth a simple proceeding between the employer and the employee, or other specifically designated persons. If liability is not admitted, the employee has the burden of proving his medical expenses. Upon proof of "the reasonable expenses incurred by or on his behalf" the employee "shall be reimbursed." Thereupon, in the management of his own affairs, the employee may proceed to deal with (or to be dealt with by) his creditors (who may, incidentally, already have proceeded against him). Hopefully, he will pay his bills. If he does not, appropriate steps under the laws with regard to debtor and creditor may be taken.

In this opinion, we have ruled upon the precise legal question presented. This should not be construed to mean that under appropriate circumstances (as has been done in the past) the workmen's compensation department or appeal board may not, by consent of the parties, provide for direct payment of medical expenses.

Affirmed. Costs to appellee.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.