MILES *v.* KRAINIK

1. ATTORNEY AND CLIENT—ATTORNEY'S LIEN—ELEMENTS OF CAUSE OF ACTION.

The law creates an attorney's lien upon the judgment or fund resulting from an attorney's services; thus, where a lawyer agrees to perform services and alleges performance of services and a fund resulting from those services, a cause of action upon which relief can be granted is stated.

2. ATTORNEY AND CLIENT—RETAINER AGREEMENT—ASSIGNMENT OF RECOVERY.

An attorney's agreement to represent a client in matters relating to client's brother's death can operate as an assignment of any recovery from the brother's estate effected by the attorney to the extent of his valid claim for compensation only if the agreement provides for payment out of proceeds of the recovery.

3. ATTORNEY AND CLIENT — ATTORNEY'S LIEN — PROPER FORUM — ESTATE OF DECEASED — FUNDS INCLUDIBLE.

The proper forum for an action for an attorney's lien is in the circuit court, and if an attorney's lien is established as to funds secured for a decedent, the amount of funds allocable to the attorney's lien would not be included in the estate of the decedent.

Appeal from Clare, Robert H. Campbell, J. Submitted Division 3 January 8, 1969, at Lansing. (Docket No. 3,834.) Decided February 24, 1969.

Complaint by Robert L. Miles to have attorney's lien on funds of an estate declared in his favor

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Attorneys at Law §§ 273, 274, 281, 300.
[2] 7 Am Jur 2d, Attorneys at Law § 95.
[3] 7 Am Jur 2d, Attorneys at Law §§ 302, 304, 307.

against Jane Krainik, as executrix of the estate of Benjamin G. Tracey, deceased. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded for further proceedings.

*Robert L. Miles,* for plaintiff.

*Hughes. & Trucks,* for defendant.

BEFORE: QUINN, P. J., and McGREGOR and V. J. BRENNAN, JJ.

QUINN, P. J. Plaintiff, an attorney, filed this action to have an attorney's lien declared in his favor against funds held by defendant as executrix of the estate of Benjamin G. Tracey, deceased. Defendant moved for summary judgment under GCR 1963, 117, on the basis plaintiff failed to state a claim upon which relief could be granted. The trial court granted the motion on the basis plaintiff had a remedy by filing a claim against the estate of which defendant is executrix.. Plaintiff's motion for rehearing was denied, and he appeals.

By writing dated July 17, 1963, decedent employed plaintiff to represent him in any and all matters pertaining to the estate of Emmett Everett Tracey, deceased, including "the filing of any claim in said estate which I may be entitled to file therein and to take any and all steps and commence any and all proceedings in or out of court which may be deemed necessary or desirable by my said attorney to protect my interests and to obtain my just entitlement out of said estate, and out of my business transactions with the said Emmett Everett Tracey during his lifetime".. Benjamin and Emmett were brothers.

Extensive investigation by plaintiff disclosed no enforceable claim in favor of Benjamin against the estate of his deceased brother, and no claim was filed.

Prior to distribution of Emmett's estate, Benjamin died. Plaintiff so advised counsel for the fiduciary of Emmett's estate and requested counsel to protect plaintiff's attorney fee at time of distribution. Despite this request, the distributive share of Benjamin in the estate of Emmett in the amount of $3,866.28 was sent to defendant. This is the fund on which plaintiff seeks to have a lien declared by this action.

The law creates the lien of an attorney upon the judgment or fund resulting from his services. *Wipfler* v. *Warren* (1910), 163 Mich 189, 194; *Shank* v. *Lippman* (1931), 253 Mich 451. It is this principle that requires reversal of this case rather than the principle relied on by plaintiff, namely, the agreement with Benjamin operated as an assignment of any recovery effected by plaintiff to the extent of his valid claim for compensation. The latter is true if the agreement provides for payment out of the proceeds of the recovery, as in *Weeks* v. *Wayne Circuit Judges* (1889), 73 Mich 256, and *Dreiband* v. *Candler* (1911), 166 Mich 49.

Here, the agreement established the employment of plaintiff by Benjamin for the purposes expressed therein. The complaint alleged services and a fund on which plaintiff has a lien if the fund resulted from those services. The complaint stated a cause of action on which relief can be granted.

The proper forum for relief is the circuit court. In the event plaintiff establishes a lien, to the extent thereof, the fund defendant holds from Emmett's estate is not an asset of Benjamin's estate. *Laude* v. *Cossins* (1952), 334 Mich 622.

Reversed and remanded for further proceedings, with costs to plaintiff.

All concurred.