OPINION OF THE COURT
Loren N. Brown, J.
Defendant, by notice of motion dated August 17, 1978, and supporting affidavits dated August 14, 1978 and August 16, 1978, and reply affidavit dated September 14, 1978, respectively, moves under CPLR 3211 (subd [a]) for dismissal of the cause of action.
Plaintiff opposes the motion by answering affidavits dated Septebmer 8, 1978.
Each party has submitted a brief memorandum of law.
The facts are only partially in dispute. The defendant was a patient of plaintiff hospital from April 6 through April 18, 1971. Defendant made a claim under the Workers’ Compensation Law and plaintiff, on May 10, 1971, submitted a bill to the employer’s workers’ compensation carrier. The carrier challenged the defendant’s claim and on June 20, 1973, the *644 Workers’ Compensation Board disallowed the same. Plaintiff alleges the instant action was begun against the defendant on July 6, 1978 by service pursuant to CPLR 308 (subd 4). Defendant claims that service was not properly effected.
Defendant claims, first, that the cause of action is barred by the Statute of Limitations, and, second, that the court lacks personal jurisdiction because of the plaintiff’s failure to properly serve him under CPLR 308 (subd 4).
Defendant’s claimed bar by the Statute of Limitations depends on the interpretation of subdivision (1) of section 13-f of the Workers’ Compensation Law. Subdivision (1) of section 13-f requires a physician rendering services to a workers’ compensation claimant to collect his fee from the employer rather than the claimant. Therefore, a physician’s cause of action would not accrue until a disputed claim is decided. In this case, a hospital seeks recovery, and the question before this court is whether subdivision (1) of section 13-f may be read to prevent hospitals as well as physicians from collecting fees from compensation claimants.
This appears to be a case of first impression. Lacking guiding case authority, the court must make its determination from the intention of the Legislature.
The purpose of workers’ compensation legislation was "to give every workman in certain specified trades compensation for injury received while in the course of his employment. It virtually shifts the loss through personal injury from the shoulders of labor, and places it upon capital.” (O’Brien v Lodi, 246 NY 46, 49.) It is well settled that the legislation is to be liberally construed to accomplish its beneficent purpose. (McKinneys’ Cons Laws of NY, Book 1, Statutes, § 302; Matter of Wilson v General Motors Corp., 298 NY 468; Matter of McQueeney v Sutphen & Myer, 167 App Div 528.)
A liberal construction demands that subdivision (1) of section 13-f of the Workers’ Compensation Law be construed so that hospitals as well as physicians be required to look to the employer rather than the employee for payment for services; in the instant case, this was done. Allowing a hospital to directly collect from a workers’ compensation claimant could put a staggering burden on his shoulders during a possibly lengthy claim dispute. Such a result would defeat the beneficent purpose of the legislation.
The hospital, therefore, was without recourse to suit against the defendant during the pendency of the claim dispute and, *645 in fact, did refrain from litigation during this period. This statutory prohibition against suit tolls the Statute of Limitations. (Serravillo v New York City Tr. Auth., 51 AD2d 1027.)
The court concludes that the second issue raised by the defendant, that is noncompliance with CPLR 308 (subd 4) is not viable at this time because based on the above findings, the Statute of Limitations would not expire until June 20, 1979. Ordinarily, the court would require a hearing to determine whether or not service was validly effected, but under the circumstances that exist in this case, such a hearing would be a frivolity. Accordingly, the court finds that service was properly effected pursuant to CPLR 308 (subd 4).
The motion for dismissal of the complaint is, in all respects, denied.
Submit order.