AETNA CASUALTY & SURETY COMPANY v STARKEY

Docket No. 51175. Submitted November 3, 1981, at Detroit.—Decided May 6, 1982. Leave to appeal applied for.

Anthony Starkey, the minor child of Annie Fay Starkey, was injured when an uninsured motorist struck him. Aetna Casualty & Surety Company was Annie Starkey's no-fault insurer at the time of the accident. Aetna brought an action in the Wayne Circuit Court against Annie Starkey and a number of health care providers who provided health care services for Anthony for a declaratory judgment directing the payment of certain personal protection benefits as a result of conflicting claims to the benefits. After the accident, Anthony required extensive medical treatment which was rendered by Children's Hospital of Michigan and various doctors. During one of Anthony's admissions to the hospital, defendant assigned to Children's Hospital any insurance benefits from Aetna which would become due and payable as a result of medical treatment and care. Some of the medical bills were sent directly to Aetna, which refused payment under the policy, claiming that no connection had been established between Anthony's condition and the automobile accident. Annie Starkey retained an attorney, under a contingent fee agreement, who was able to establish to Aetna's satisfaction a causal connection between the accident and Anthony's heart problem. Aetna then agreed to pay the bills submitted by the medical providers but informed defendant's attorney that, under its insurance policy with defendant, it intended to set off against the uninsured motorist benefits payable under the policy the total amount paid to the medical providers under the PIP benefit provisions. Starkey's attorney informed the medical providers that ordinarily he would have collected his fee from the uninsured motorist benefits, but, because of the set-off provision, this fund was

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Attorneys at Law §§ 324 *et seq.*, 343.

[2] 7 Am Jur 2d, Automobile Insurance §§ 357, 359.

[2] Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

[3] 7 Am Jur 2d, Automobile Insurance § 345.

nonexistent and he would seek his fees from the PIP fund. He informed Aetna of his attorney's lien on that fund. The medical providers demanded that they be paid in full. The court, Myron H. Wahls, J., directed payment of all the personal protection benefits to the medical providers. Starkey appealed. *Held:*

1. Attorney fees accrued in securing personal protection benefits that are overdue but not unreasonably delayed are chargeable against the benefits paid.

2. A prior assignment of personal protection benefits to a medical provider is void.

Order vacated and case remanded.

1. ATTORNEY AND CLIENT — ATTORNEY'S LIENS — ASSIGNMENTS.

The law creates a lien of an attorney upon the judgment or fund resulting from his services; it is not an assignment of rights but a specific encumbrance upon the judgment or fund.

2. ASSIGNMENTS — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS.

A prior assignment of personal protection benefits to a medical provider is void (MCL 500.3143; MSA 24.13143).

3. ATTORNEY AND CLIENT — ATTORNEY'S LIENS — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS.

Attorneys fees accured in securing personal protection benefits that are overdue but not unreasonably delayed are chargeable against the benefits paid (MCL 500.3148[1]; MSA 24.13148[1]).

*Edward M. Miller,* for Annie Starkey.

*Bodman, Longley & Dahling* (by *Andrew J. Broder),* for health care providers.

Before: J. H. GILLIS, P.J., and BEASLEY and P. E. DEEGAN,* JJ.

PER CURIAM. Defendant, Annie Fay Starkey, appeals the trial court's order directing payment to various medical providers of all personal protection insurance (PIP) benefits payable under her no-fault automobile insurance policy with plaintiff, Aetna Casualty & Surety Co.

* Circuit judge, sitting on the Court of Appeals by assignment.

This cause arose out of an automobile accident in which an uninsured motorist struck and seriously injured Anthony Starkey, six-year-old son of defendant. Plaintiff was defendant's automobile insurer at the time of the accident.

After the accident, Anthony required extensive medical treatment which was rendered by Children's Hospital of Michigan and various doctors (medical providers). During one of Anthony's admissions to the hospital, defendant assigned to Children's Hospital any insurance benefits from Aetna which would become due and payable as a result of medical treatment and care.

Some of the medical bills were sent by the medical providers directly to Aetna, which refused payment under the policy, claiming that no connection had been established between Anthony's condition and the automobile accident.

At this point, defendant retained an attorney under a contingent fee agreement who was able to establish to Aetna's satisfaction a causal connection between the accident and Anthony's heart problem. Aetna then agreed to pay the bills submitted by the medical providers but informed defendant's attorney that, under its insurance policy with defendant, it intended to set off against the uninsured motorist benefits payable under the policy the total amount paid to the medical providers under the PIP benefit provisions.

Defendant's attorney informed the medical providers that ordinarily he would have collected his fee from the uninsured motorist benefits, but, because of the set-off provision, this fund was nonexistent and he would seek his fees from the PIP fund. He informed Aetna of his attorney's lien on that fund. The medical providers demanded that they be paid in full.

The right of the injured child to recover uninsured motorist benefits and the effect of Aetna's policy provision setting off PIP benefits against the uninsured motorist coverage were the subject of a separate appeal which was dismissed by stipulation.

Aetna sought declaratory relief in respect of the conflicting claims upon the PIP benefits otherwise payable. Counsel for defendant made a motion for partial summary judgment under the provisions of MCL 500.3112; MSA 24.13112, seeking payment by Aetna of two-thirds of the amount of its billing to each medical provider and the other one-third to defendant's counsel. The medical providers, by cross-motion for summary judgment, sought an order requiring Aetna to pay the full amount of the bills submitted by each medical provider.

The trial court initially ordered payment of the uncontested two-thirds of the medical bills to the medical providers. In its final order, directing payment of the entire amount of the PIP benefits to the medical providers, the trial court concluded:

"Counsel * * * claims entitlement to the aforementioned fee based upon his efforts in getting plaintiff to acknowledge that the sums are payable under the policy. His claim is characterized as a valid attorney's lien. The reasonableness of the claim of one-third of the amount due medical providers (defendant's [sic] herein) is based upon GCR 928.

"The court rejects this contention. MCL 500.3148(1) provides for reasonable attorney fees in cases such as this. Any attorney fees paid are charged against the insurer and not against the benefits."

We do not agree. We find that defendant's attorney had a valid attorney's lien against the fund recovered and that the trial court erred in order-

ing payment of the entire amount of PIP benefits to the medical providers.

In Michigan, the law creates a lien of an attorney upon the judgment or fund resulting from his or her services. *Wipfler v Warren,* 163 Mich 189, 194; 128 NW 178 (1910), *Kysor Industrial Corp v D M Liquidating Co,* 11 Mich App 438, 445; 161 NW2d 452 (1968), *Miles v Krainik,* 16 Mich App 7, 9; 167 NW2d 479 (1969), *Ambrose v Detroit Edison Co,* 65 Mich App 484, 487-488; 237 NW2d 520 (1975), *lv den* 397 Mich 888 (1976). Such a lien, if not waived or released, will be upheld. *Daul v Sill Mortgages, Inc,* 37 Mich App 708, 711; 195 NW2d 309 (1972).

In the instant case, defendant and her attorney entered into a contingent fee arrangement whereby the attorney would receive his fee from any settlement or judgment recovered. On the basis of the general principles of law concerning attorneys' charging liens, defendant's attorney had the right to receive his fee from any fund, including the PIP fund, recovered as a result of his services in connection with the auto-accident injuries suffered by defendant's son.

We do not find that the no-fault act creates any exception to the operation of these general principles applicable to the instant case.

The medical providers, relying on *Drieband v Candler,* 166 Mich 49; 131 NW 129 (1911), argue that the retainer agreement acts as an assignment of no-fault benefits and is, therefore, void under the nonassignability section of the no-fault act, MCL 500.3143; MSA 24.13143, which provides:

"An agreement for assignment of a right to benefits payable in the future is void."

While no attorney's lien can arise if the retainer agreement is void, *Hightower v Detroit Edison Co*, 262 Mich 1; 247 NW 97 (1933), we do not find that the retainer agreement under consideration here was an assignment. Plaintiff's reliance on *Drieband v Candler, supra,* is misplaced. There, the Court, in determining whether an attorney forfeited his lien when he purchased an interest in the litigation by arranging to pay preliminary costs for his client after agreeing to a fee arrangement which stated that the client was to advance costs, stated:

"The contention is not sound. The theory upon which a lien follows a lawful agreement entered into between attorney and client with respect to compensation is that the agreement amounts to an assignment of a portion of the judgment sought to be recovered or expected as the fruit of the litigation." 166 Mich 49, 51.

See, also, *Dep't of Treasury v Campbell,* 107 Mich App 561, 574; 309 NW2d 668 (1981).

*Drieband* is not authority for the proposition advanced by the medical providers that an attorney's lien is an assignment and therefore void under the statute. The *Drieband* Court stated that an attorney's lien "amounts to an assignment" in order to analogize its function for purposes of explanation.

An attorney's lien is not an assignment but is a specific encumbrance on a fund or judgment which the client has recovered through the professional services of the attorney. A lien is not a property right in, or right to, the thing itself, but constitutes a charge or security thereon. An assignment is a transfer of the property right.

Defendant's attorney's lien, which resulted from the retainer agreement and subsequent recovery,

was not an assignment of the fund recovered and is, therefore, not void under MCL 500.3143; MSA 24.13143.

On the other hand, the assignment defendant made to Children's Hospital of Michigan of any benefits which would become payable to defendant under her policy of insurance with plaintiff is void under the nonassignability section, § 3143. We reject the claim of the medical providers that that assignment is valid, in spite of the prohibition against assignment, because the assignment furthers the purposes of the no-fault act. The providers' position is not supported by case law, nor is there any statutory exception in the no-fault act for assignments to medical providers.

The personal protection insurance (PIP) benefits provision of the act, MCL 500.3112; MSA 24.13112, states in pertinent part:

"Personal protection insurance benefits are payable to or for the benefit of an injured person or, in case of his death, to or for the benefit of his dependents. Payment by an insurer in good faith of personal protection insurance benefits, to or for the benefit of a person who it believes is entitled to the benefits, discharges the insurer's liability to the extent of the payments unless the insurer has been notified in writing of the claim of some other person."

We note that this section does not provide any exception for assignments. Under the statute, Aetna could have paid the medical providers for the medical bills incurred by defendant's son so long as it was not notified of another claim. In the instant case, Aetna was informed by defendant's attorney of his fee-arrangement claim. This claim, because it was based on the attorney's lien, was a

valid one unaffected by the prior assignment to Children's Hospital which was void under the act.

The sole section of the no-fault act dealing specifically with medical providers, MCL 500.3157; MSA 24.13157, states simply that hospitals, doctors, and other medical providers may charge a reasonable amount for their services. This section neither provides an exception to the prohibition against assignments nor creates any priority for payment in favor of medical providers.

We also find that the trial court erred in determining the fees of defendant's attorney could not be charged against defendant's PIP benefits under MCL 500.3148(1); MSA 24.13148(1), which states:

"An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment."

Under § 3148 the court may award attorney fees in addition to the benefits recovered as a penalty for unreasonable refusal or unreasonable delay in making payments under the no-fault act. *English v Home Ins Co,* 112 Mich App 468; 316 NW2d 463 (1982). However, a delay in payments will not be found "unreasonable" within the meaning of § 3148 where the delay is a legitimate question of factual uncertainty. *English, supra, Liddell v DAIIE,* 102 Mich App 636, 650; 302 NW2d 260 (1981).

In the instant case, Aetna's delay in paying benefits was not unreasonable in that it arose from a legitimate doubt on the part of Aetna that

Anthony Starkey's heart condition was caused by the automobile accident. Benefits were paid when defendant's attorney was able to establish the necessary causal connection. Thus, while the benefits were overdue,[1] they had not been unreasonably delayed. Under § 3148, attorney fees accrued in securing benefits that are overdue are chargeable against the benefits paid; attorney fees accrued in securing benefits that are unreasonably delayed are charged separately against the insurer in addition to the benefits unreasonably withheld.

Because defendant's benefits in the instant case were simply overdue, not unreasonably delayed, the attorney fees were properly chargeable to the benefits recovered, in this case, the PIP benefits.

Finally, we reject the contention of the medical providers that they never requested the assistance of defendant's attorney and therefore have no obligation to him. It can be said that medical providers would have an obligation to the attorney, his lien notwithstanding, on the theory of unjust enrichment. The providers knew that the attorney was expending time and energy in substantiating the insurance claims which led to their payment by Aetna. They were willing to accept his assistance in the knowledge that it would result in their payment. Only when it became clear that the attorney would have to assert his lien against the only existing fund, the PIP benefits, did the providers move to deny the attorney his share.

Nor are we persuaded that this opinion will result in reluctance on the part of medical providers to treat injured parties in the future. In the vast majority of cases, medical providers will be

[1] Benefits are overdue when not paid within 30 days after an insurer receives reasonable proof of the fact and amount of loss sustained. MCL 500.3142; MSA 24.13142.

paid in full even if an insured finds it necessary to hire an attorney to collect benefits.

We find that defendant's fee agreement with her attorney created a valid attorney's lien against the fund recovered, the PIP benefits, and that payment of the entire fund to the medical providers was ordered in error.

We, therefore, set aside the trial court's order of payment and remand for further action consistent with this opinion.

Remanded. We do not retain jurisdiction.