ZEELAND COMMUNITY HOSPITAL v VANDER WAL

GREEN v VANDER WAL

Docket Nos. 62726, 62727. Submitted December 14, 1983, at Grand
Rapids.—Decided June 4, 1984. Leave to appeal applied for.

Gary Vander Wal injured his knee. His workers' compensation
claim, initially disputed, was eventually redeemed, the redemp-
tion order calling for payment of medical expenses, a 15 per-
cent attorney's fee on the balance, and the remainder to be
paid to Vander Wal for future expenses. Plaintiffs, Zeeland
Community Hospital and Jeffrey J. Green, were two of the
medical providers who had provided treatment to Vander Wal.
Following the redemption, Vander Wal tendered payment to
plaintiffs of the amounts of their bills less a 15 percent attor-
ney fee. Neither plaintiff accepted the partial payment. Defen-
dant, Vander Wal, petitioned the Bureau of workers' disability
compensation for a determination of rights. Hearings were held
and the hearing referee approved the 15 percent prorated
attorney fee against each plaintiff's bill. Plaintiffs, meanwhile,
commenced suits in district court, seeking judgments in the full
amounts of their bills. The district court granted summary
judgment to the plaintiffs. On appeal, the Ottawa Circuit Court,
Calvin L. Bosma, J., affirmed. Defendant appealed by leave
granted, alleging that the district court did not have jurisdic-
tion over the claims because exclusive jurisdiction was in the
workers' compensation bureau and that the lower court erred
in holding that the bureau had no authority to charge plaintiffs
a pro-rata portion of defendant's attorney fee. *Held:*

1. The district court had the jurisdiction to hear the plain-
tiffs' claims for full payment of their fees. The Legislature, in
granting authority to the Bureau of Workers' Disability Com-
pensation to order an employer to make payments directly to a
medical provider on behalf of an injured employee, did not

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 82 Am Jur 2d, Workmen's Compensation §§ 398, 399.
[2] 73 Am Jur 2d, Statutes § 181.
[4] 7 Am Jur 2d, Attorneys at Law § 240.
[5] 82 Am Jur 2d, Workmen's Compensation § 644.

intend to abrogate the medical provider's common-law right to enforce its contract with a patient to whom it has rendered services.

2. Under the administrative rule in effect at the time the hearing referee erred in awarding defendant's attorney a percentage fee based on the defendant's recovery for medical expenses. Absent a finding of legislative intent, such a fee may not be required of a third-party medical provider.

Affirmed.

1. WORKERS' COMPENSATION — PAYMENT FOR MEDICAL SERVICES — STATUTES.

An employer who fails to furnish medical treatment to an employee injured during the course of employment may be ordered to reimburse the employee for reasonable expenses paid by the employee or to make payments on behalf of the employee to medical providers to whom the unpaid expenses may be owing (MCL 418.315[1]; MSA 17.237[315][1]).

2. STATUTES — COURT OF APPEALS — ABROGATION OF RIGHTS.

The Court of Appeals will not extend a statute by implication to abrogate an established right of action at common law.

3. WORKERS' COMPENSATION — JURISDICTION — MEDICAL PROVIDERS.

The Legislature, in granting authority to the Bureau of Workers' Disability Compensation to order an employer to make direct payments to a medical provider on behalf of an injured employee, did not thereby vest exclusive jurisdiction in the bureau over a medical provider's claim against the injured party for payment for services rendered; the courts have jurisdiction over such claims (MCL 418.315[1]; MSA 17.237[315][1]).

4. ATTORNEY AND CLIENT — ATTORNEY FEES.

Where one of several persons, all of whom are equally interested in the results of the suit, employs an attorney to conduct the case for him and the benefits of the attorney's services from the nature of the case extends to all interested parties; the other parties do not, merely by accepting the benefits of the attorney's services without objection, become liable for the attorney's fees.

5. WORKERS' COMPENSATION — ATTORNEY FEES — MEDICAL PROVIDERS.

The Legislature, in authorizing the Bureau of Workers' Disability Compensation to order an employer to pay for medical care provided to an injured employee, did not intend a requirement

that a medical provider pay a pro-rata share of the injured employee's attorney fees; payment of a portion of the attorney fees may, however, be required of either the employer or the employer's insurance carrier (MCL 418.315[1]; MSA 17.237[315][1]).

*Cunningham, Mulder & Breese, P.C.* (by *Andrew J. Mulder*), for plaintiffs.

*McCroskey, Feldman, Cochrane & Brock* (by *Gary T. Neal*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and BRONSON and R. L. TAHVONEN,* JJ.

BRONSON, J. Defendant appeals by leave granted from a circuit court order affirming district court judgments in favor of plaintiffs. We affirm.

The facts are undisputed. On December 18, 1978, defendant, an employee of the Prince Corporation, injured his right knee playing touch football during his lunch break. Defendant received medical treatment for his injuries from plaintiffs, Zeeland Community Hospital and Jeffrey Green, a physical therapist. Defendant filed a petition for disability compensation benefits with the Bureau of Workers' Disability Compensation on February 6, 1979. The employer initially denied liability on the ground that defendant's injuries did not arise out of or in the course of defendant's employment. The employer eventually agreed to redeem its liability for $15,000. The redemption order provided that $4,065.34 be paid for defendant's medical expenses, a 15% attorney fee on the balance of the $15,000 redemption be paid to defendant's attorney, and the balance be paid to defendant for future medical expenses and weekly benefits.

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant tendered to plaintiffs payment for their services, less a 15% "attorney fee". Such a fee was not similarly deducted from defendant's payments to certain other doctors who had provided medical services. Plaintiffs refused to accept less than full payment for their services.

Defendant filed petitions for determination of rights with the Bureau of Workers' Disability Compensation, seeking approval of the prorated 15% fee charged by defendant's attorney against plaintiffs. Notice of hearing was served on both plaintiffs, but neither responded. Following a hearing on each petition, the hearing referee entered orders approving the 15% prorated attorney fee against plaintiffs' bills.

Meanwhile, plaintiffs had commenced the instant suits in district court, seeking judgment for the full amount of their fees. The district court granted plaintiffs summary judgment and entered judgments for the full amount due to plaintiffs. The circuit court affirmed the district court. Defendant's application for leave to appeal to this Court was held in abeyance pending decision in *Boyce v Grand Rapids Asphalt Paving Co,* 117 Mich App 546; 324 NW2d 28 (1982), *lv den* 417 Mich 1023 (1983).

Defendant first claims that the district court lacked subject matter jurisdiction over plaintiffs' claims because exclusive jurisdiction to decide the fee controversy vested in the workers' compensation bureau (WCB) pursuant to MCL 418.841; MSA 17.237(841).[1] We disagree.

MCL 418.315; MSA 17.237(315) states that the employer shall furnish medical treatment to an

---

[1] "Any controversy concerning compensation shall be submitted to the bureau and all questions arising under this act shall be determined by the bureau. The director shall be deemed to be an interested party in all workmen's compensation cases in questions of law."

employee injured during the course of employment. If the employer fails to do so, the workers' compensation bureau has two options: (1) the bureau may order the employer to reimburse the employee for reasonable expenses paid by the employee or (2) the bureau may order the employer to make payments "in behalf of the employee to persons to whom the unpaid expenses may be owing" (medical provider). MCL 418.315(1); MSA 17.237(315)(1).

Prior to 1963, there was no authorization for direct payments to the medical provider. Thus if a medical provider did not receive payment, his or her only remedy was to institute suit against the employee. The administrative hearing was restricted to the question of whether the employee could be reimbursed by the employer for the incurred medical expenses. See *Boyer v Service Distributors, Inc,* 366 Mich 319; 115 NW2d 101 (1962).

In 1963 the statute was amended to provide for direct payments to the medical provider. The statute does not, however, state whether or how a medical provider may enforce the direct payment provision. In contrast, some jurisdictions specifically provide a medical provider the right to petition the appropriate administrative body for enforcement of an award of medical benefits. See *Orthopedic Specialists, Inc v Great Atlantic & Pacific Tea Co, Inc,* 388 A2d 352 (RI, 1978); *Bell v Samaritan Medical Clinic, Inc,* 60 Cal App 3d 486; 131 Cal Rptr 582 (1976). In other jurisdictions the medical provider must await pressing his claim until compensation proceedings have been at least initiated by the employee or employer. *Grantham v Coleman Co,* 190 Kan 468; 375 P2d 629 (1962), *modified in other respects* 190 Kan 634; 376 P2d 908 (1962); *Patterson Steel Co v Smith,* 353 P2d

126 (Okla, 1960). New York requires a medical provider to collect its fee from the employer rather than the claimant, pending judgment on the employee's claim against the employer. If the employee loses his or her claim, the medical provider can then file suit in court to recover payment from the employee for services rendered. *Ellis Hospital v Symonds,* 96 Misc 2d 643; 409 NYS2d 630 (1978).

The Michigan Legislature has not clearly expressed its intent regarding the procedure to be followed by a medical provider seeking payment for services rendered to a workers' compensation claimant. In *Boyce v Grand Rapids Asphalt Paving Co, supra,* a hospital which was unsatisfied with the hearing referee's order concerning payment for services rendered to a claimant appealed to the Workers' Compensation Appeal Board. The question of whether jurisdiction lay with the WCB or a court did not arise since the hospital pursued the administrative remedy.

Defendant argues that the plaintiffs should have similarly sought relief within the WCB and that their failure to do so precluded the district court from assuming jurisdiction over plaintiffs' claims. In support, defendant cites appellate decisions upholding the bureau's exclusive jurisdiction. *Dixon v Sype,* 92 Mich App 144, 150; 284 NW2d 514 (1979); *Maglaughlin v Liberty Mutual Ins Co,* 82 Mich App 708, 711-712; 267 NW2d 160 (1978), *lv den* 403 Mich 851 (1978); *St Paul Fire & Marine Ins Co v Littky,* 60 Mich App 375, 378; 230 NW2d 440 (1975); *Herman v Theis,* 10 Mich App 684, 692; 160 NW2d 365 (1978), *lv den* 381 Mich 772 (1968). The issues to be resolved in the cited cases much more intimately involved the employer-employee relationship.[2]

---

[2] *Herman v Thies, supra* (an injured employee's negligence action

More analogous to the instant case is *Bonney v Citizens Mutual Automobile Ins Co,* 333 Mich 435; 53 NW2d 321 (1952), where the Supreme Court held that the circuit court had jurisdiction to determine whether the plaintiffs-employees could recover under defendant's automobile insurance policy where defendant denied coverage under the clause excepting coverage where workers' compensation benefits were recoverable. The Court stated:

"The statutory grant of exclusive jurisdiction to the workmen's compensation commission does not deprive a court of the jurisdiction to determine rights arising out of an entirely different relationship and in an entirely different type of proceeding in which the employer and employee relationship is only incidentally involved." 333 Mich 440. Accord, *Fletcher v Harafajee,* 100 Mich App 440, 443; 299 NW2d 53 (1980).

The Legislature may have intended to give a medical provider a statutory right to petition the WCB to enforce a direct payment order. The issue in the instant case, however, is whether the Legislature intended to abrogate the medical provider's common-law right to enforce its contract with a patient to whom it has rendered services. The statute does not clearly express such an intent; moreover, this Court will not extend a statute by implication to abrogate an established right of action at common law. *Bandfield v Bandfield,* 117 Mich 80; 75 NW 287 (1898).

against his employer was barred by the exclusive remedy provision); *St Paul Ins Co v Littky, supra* (whether an employee was covered under the policy issued by his employer's insurance carrier was a question to be decided by the WCB); *Maglaughlin v Liberty Mutual, supra* (whether a workers' compensation insurer must pay benefits pending appeal to the WCAB was a question for the bureau); *Dixon v Sype, supra* (an injured employee's action against her co-employee must first be heard by the WCB to determine if the injuries arose out of the course of her employment).

We find no indication that the Legislature, by granting authority to the WCB to order the employer to make direct payments to a medical provider, intended to vest exclusive jurisdiction in the WCB over a medical provider's claims for payment for services rendered. We hold that the district court had jurisdiction over plaintiffs' claims that defendant tender the full amounts of his medical bills.

Having concluded that the district court had jurisdiction over plaintiffs' claims, we must now decide whether the district court erred in ruling that the WCB did not have authority to charge plaintiffs with a pro-rata portion of defendant's attorney's fees. The court relied on *Boyce v Grand Rapids Asphalt Paving Co, supra,* where this Court summarily rejected the plaintiff's argument that the defendant hospital should be responsible for the payment of plaintiff's counsel's fees. The Court stated:

"Where one of several persons, all of whom are equally interested in the results of a suit, employs an attorney to conduct the case for him and the benefit of the attorney's services from the nature of the case extends to all interested parties, the other parties do not, merely by accepting the benefits of the attorney's services without objection, become liable for the attorney's fees." 117 Mich App 549.

This Court also noted that, although subsequently amended, under the WCB rule in effect at the relevant time, 1972 AACS, R 408.44, the claimant's attorney was precluded from recovering a percentage fee for the portion of the compensation recovery which represented accrued medical expenses. *Id.,* 551-552. Since the instant administrative action similarly occurred prior to the rule

amendment, the referee violated the bureau's rule when he awarded defendant's attorney a percentage fee based on the recovery for medical expenses.

Defendant argues that plaintiffs should nonetheless be responsible for a portion of defendant's attorney fee since they received reimbursement for unpaid medical expenses as a result of defendant's attorney's efforts in successfully pursuing defendant's workers' compensation claim against his employer. Defendant cites *Aetna Casualty & Surety Co v Starkey,* 116 Mich App 640; 323 NW2d 325 (1982), *lv den* 417 Mich 929 (1983), where this Court held that various medical providers could be charged with a pro-rata portion of attorney fees incurred in defending the claimant against an action brought by his insurer under a no-fault insurance policy. Ordinarily the attorney would have collected his fee from the uninsured motorist benefits, but because of a set-off provision the only funds available were received by the medical providers under the personal protection insurance benefit provisions. The Court stated:

"Finally, we reject the contention of the medical providers that they never requested the assistance of defendant's attorney and therefore have no obligation to him. It can be said that medical providers would have an obligation to the attorney, his lien notwithstanding, on the theory of unjust enrichment. The providers knew that the attorney was expending time and energy in substantiating the insurance claims which led to their payment by Aetna. They were willing to accept his assistance in the knowledge that it would result in their payment. Only when it became clear that the attorney would have to assert his lien against the only existing fund, the PIP benefits, did the providers move to deny the attorney his share." 116 Mich App 648.

Accord, *Kaiser Foundation v Worker's Compensation Appeal Bd,* 91 Cal App 3d 493; 154 Cal Rptr 760 (1979) (medical lien claimant who receives payment of his lien by reason of the professional skill of the injured worker's attorney may be required to bear a fair share of the attorney's costs).

Although we find merit in the "unjust enrichment" argument, we are unable to discern any legislative intent to require a third-party medical provider to pay a pro-rata share of an injured worker's attorney's fees. The pertinent portion of the statute provides:

"If the employer fails, neglects, or refuses [to furnish medical care to the employee], the employee shall be reimbursed for the reasonable expenses paid by the employee or payment may be made in behalf of the employee to persons to whom the unpaid expenses may be owing, by order of the hearing referee. The hearing referee may prorate attorney fees at the contingent fee rate paid by the employee." MCL 418.315(1); MSA 17.237(315)(1).

Since the clause concerning attorney fees follows the clause concerning the employer's refusal to pay the employee's reasonable medical expenses, the final sentence is logically construed to require either the employer or the insurance carrier to pay a portion of defendant's attorney's fees. *Contra,* MCL 418.821; MSA 17.237(821), which expressly authorizes the assessment of a pro-rata share of a claimant's attorney's fees against an insurance company which seeks to enforce an assignment given it by the claimant-employee in exchange for an advance payment under a group hospitalization insurance policy.

Our reading of the relevant statutory provisions

does not indicate that the Legislature intended to require plaintiffs to pay a portion of defendant's attorney's fees, notwithstanding that plaintiffs may have derived some benefit from the attorney's efforts. The district court properly ruled that plaintiffs were entitled to the entire amounts of their bills.

Affirmed.