GARCIA v BUTTERWORTH HOSPITAL

Docket No. 187928. Submitted August 5, 1997, at Grand Rapids. Decided October 31, 1997, at 9:20 A.M.

Manuel Garcia brought an action in the Kent Circuit Court against Farmers Insurance Exchange and Lake States Insurance Company, seeking no-fault personal protection insurance benefits for the plaintiff's injury in an automobile accident and subsequent medical care at Butterworth Hospital. The plaintiff was injured while riding as a passenger in a vehicle insured by Great Lakes when that vehicle was struck by a vehicle driven by an uninsured motorist. The Assigned Claims Facility had assigned the plaintiff's no-fault claim to Farmers Insurance Exchange. The plaintiff's action was dismissed without prejudice on the basis that the plaintiff had not timely served the complaint on the defendants. Farmers Insurance issued three-party checks that were payable to the plaintiff, his attorney, and Butterworth Hospital. The plaintiff revived the action and moved that a third of the amount payable to Butterworth Hospital be deducted and awarded to the plaintiff's attorney as fees because the payment by Farmers Insurance had been late. The court, Dennis B. Lieber, J., granted the motion. Butterworth Hospital appealed.

The Court of Appeals *held*:

The trial court erred in awarding fees to the plaintiff's attorney from the no-fault benefits paid to Butterworth Hospital. Attorney fees usually are not recoverable unless a statute, court rule, or common-law exception provides to the contrary. Here, the plaintiff has cited no statute, court rule, or common-law exception other than the equitable principles and the common fund exception that were relied on in *Aetna Casualty & Surety Co v Starkey*, 116 Mich App 640 (1982). The facts in this case are distinguishable from those in *Starkey* and do not support the application of equitable principles or the common fund exception.

Reversed.

*James R. Rinck,* for Manuel Garcia.

*Miller, Johnson, Snell & Cummiskey, P.L.C.* (by *Stephen R. Ryan*), for Butterworth Hospital.

Before: CAVANAGH, P.J., and HOLBROOK, JR., and JANSEN, JJ.

PER CURIAM. In this case involving no-fault insurance benefits, the trial court ordered defendant-insurer Farmers Insurance Exchange to pay plaintiff's attorney one-third of the amount of the check issued by Farmers Insurance to Butterworth Hospital for payment of plaintiff's medical bills pursuant to plaintiff's contingent fee agreement with his attorney. Appellant Butterworth Hospital appeals as of right from that order, and we reverse.

In January 1994, plaintiff filed suit against defendant insurance companies following plaintiff's injury in an automobile accident in January 1993. Plaintiff was a passenger in a vehicle being driven by an insured of defendant Lake States Insurance Company when the vehicle was hit by a vehicle being driven by an uninsured driver. Plaintiff claimed a right to no-fault personal protection insurance benefits, and the claim was assigned to defendant Farmers Insurance Exchange by the Assigned Claims Facility. Plaintiff claimed that defendants had not paid the required benefits under the no-fault act and that he would seek statutory interest if the benefits were not paid within the thirty-day statutory period. Finally, plaintiff indicated that he would seek statutory attorney fees if defendants did not pay this claim without the necessity of litigation. Plaintiff's complaint was dismissed without prejudice in October 1994 for failure to serve defendants in a timely manner.

Plaintiff thereafter moved for a determination of attorney fees, claiming that the suit was never served because defendant Farmers Insurance paid plaintiff's first-party benefits. Plaintiff stated that the suit was filed as a protective measure because the period of limitation was scheduled to expire shortly after plaintiff first consulted his attorney. Plaintiff's attorney averred that he expended substantial effort in attempting to contact defendant Farmers Insurance to obtain payment in January or February 1995, in spite of prompt submission of the medical bills to Farmers Insurance. Plaintiff's attorney claimed that the payment was clearly overdue when defendant Farmers Insurance issued three-party checks payable to plaintiff, his attorney, and Butterworth Hospital. Following a hearing, the trial court ordered defendants to deduct from the benefits payable to Butterworth a one-third share as plaintiff's attorney fee, finding this Court's decision in *Aetna Casualty & Surety Co v Starkey*, 116 Mich App 640; 323 NW2d 325 (1982), to be controlling.

On appeal, appellant Butterworth Hospital argues that the trial court erred in awarding fees to plaintiff's attorney from the no-fault benefits paid to plaintiff's medical care provider. We agree with appellant and reverse.

Michigan has long held that "attorney fees are not usually recoverable unless a statute, court rule, or common-law exception provides to the contrary." *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 474; 521 NW2d 831 (1994). Plaintiff has cited no statute, court rule, or common-law exception to support his argument that attorney fees are deductible from the benefits payable to Butterworth, other than the *Starkey*

panel's reliance on equitable principles and the common fund exception. The facts of our case, however, are distinguishable from those in *Starkey* and do not support the intervention of equity or the application of the common fund exception. Here, plaintiff's insurer agreed beforehand to pay for any treatment connected to plaintiff's accident. It then paid benefits without contesting them. Plaintiff's attorney filed this lawsuit as a precautionary measure, but the matter was dismissed before ever being served on defendants. In fact, from our review of the attachments in this case, it would appear that defendant Farmers Insurance and Butterworth worked this matter out between themselves, without the intervention of plaintiff's attorney. Thus, plaintiff's attorney's efforts were not comparable to the considerable effort put forth by the attorney in *Starkey*. Accord, *In re L'Esperance Estate*, 131 Mich App 496, 502-503; 346 NW2d 578 (1984); *Zeeland Community Hosp v Vander Wal*, 134 Mich App 815, 824; 351 NW2d 853 (1984); *Boyce v Grand Rapids Asphalt Paving Co*, 117 Mich App 546; 324 NW2d 28 (1982). See also *Bennett v Weitz*, 220 Mich App 295; 559 NW2d 354 (1996). Finally, to the extent that our decision can be read as inconsistent with the legal reasoning of *Starkey*, we expressly decline to follow it.[1] Accordingly, we hold in this case that no attorney fee was chargeable against the benefits payable to appellant Butterworth.

Reversed.

---

[1] Because *Starkey* was decided before November 1990, we are not bound by it under MCR 7.215(H).